[Civ. No. 17851. First Dist., Div. One. Mar 10, 1958.]

UNITED AIR LINES, INC., et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and MARTIN E. LOBDELL, Respondents.

R. P. Wisecarver for Petitioners.

Everett A. Corten, Daniel C. Murphy, Emily B. Johnson, Charles P. Scully and Lowell A. Airola for Respondents.

PETERS, P. J.—On June 14, 1957, the commission rendered its "Decision after Reconsideration" by which it held that it had jurisdiction to render the order more than five years from the date of injury, and reaffirmed an order of May 24, 1955, providing for future medical treatment to the injured employee. The United Air Lines, Inc., and its carrier seek annulment of the order.

The case involves the proper interpretation of sections 5803, 5804 and 5410 of the Labor Code. Under sections 5803 and 5804 the jurisdiction of the commission in certain matters terminates five years after the date of injury. Under section 5410 the commission has jurisdiction after five years from the date of injury on claims for new and further disability if the claim is filed before the expiration of the five years. The question here presented is into which of these categories does the present proceeding fall?

On March 6, 1950, Lobdell was seriously injured in the course and scope of his employment with United Air Lines. He was given medical care and compensation for temporary disability. Various hearings and proceedings were had before the commission prior to October 30, 1953.

On that date a Decision after Reconsideration was rendered awarding the employee a 21 per cent permanent disability rating and expressly finding that the applicant was "not in need of any further medical treatment to cure or relieve him from the effects of his injury."

On March 2, 1955, four days less than five years from the date of injury, the employee filed a "Petition to Reopen to Amend Decision after Reconsideration to provide the Applicant with Future Medical Treatment," praying for an amendment to the Decision after Reconsideration "to provide the applicant with future medical treatment."

On May 24, 1955, after the five years had expired, the Commission issued its "Order Amending Decision after Reconsideration to Provide Future Medical Treatment," ordering

that the Decision After Reconsideration be "amended to provide for future medical treatment, as may be required." Present petitioners duly filed a "Petition for Reconsideration" which was granted, and nearly two years later, on June 14, 1957, the commission issued its "Decision after Reconsideration" ordering that the order of May 24, 1955, "Amending Decision after Reconsideration" "be, and the same is, affirmed and adopted as the Decision after Reconsideration." It is this last order, and the one of May 24, 1955, that petitioners seek to have annulled in this proceeding.

The issue presented is clear. The "Petition to Reopen to Amend Decision after Reconsideration to Provide the Applicant with Future Medical Treatment" was filed within five years from the date of injury. It was acted on after that period had elapsed. Did the commission have jurisdiction to so act?

Petitioners rely on sections 5803 and 5804 of the Labor Code to support their contention that the orders of May 24, 1955, and of June 14, 1957, were beyond the jurisdiction of the commission to make. These two sections provide:

Section 5803. "The commission has *continuing jurisdiction* over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the commission may *rescind, alter, or amend* any such order, decision or award, *good cause appearing therefor.*

"Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that *the disability* of the person *in whose favor such award was made has either recurred, increased, diminished,* or terminated." (Emphasis added.)

Section 5804 provides, in part: "No award of compensation shall be *rescinded, altered, or amended* after five years from the date of the injury. . . ." (Emphasis added.)

These sections, standing alone, are fairly clear. The Commission has "continuing jurisdiction" for five years from the date of injury to "rescind, alter, or amend" its prior orders, but no award "shall be rescinded, altered or amended after five years from the date of the injury."

But the sections do not stand alone. They must be considered with section 5410 of the Labor Code. It provides: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of *compensation*

within five years after the date of the injury upon the ground that the original injury has *caused new and further disability*. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all time within such period." (Emphasis added.)

The proper interpretation of these sections has been presented to the courts on several occasions, and, as the decisions disclose, the problem is not a simple one. It is clear that if an application for a new and further disability is filed before the five years have expired, the commission may act on it thereafter. It is equally clear that a petition seeking the amendment of a prior order must be acted on within the five years or the commission loses jurisdiction. The commission argues that, although the petition filed just before the expiration of the five-year period was entitled a "Petition to Reopen to *Amend* Decision after Reconsideration," and the order of May 24, 1955, made after the five years had elapsed was entitled "Order *Amending* Decision after Reconsideration," such last named order for future medical treatment contains, by necessary implication, a finding that the applicant has suffered a new and further disability for which such future treatment is necessary. The medical reports filed with the various applications show, so it is claimed, that in fact the applicant's physical condition has changed for the worse—the claimed new and further disability—and therefore it was proper to award the future medical benefits contained in the order although the five-year period had elapsed. Thus, so the commission claims, the rule of *Consolidated Steel Corp.* v. *Industrial Acc. Com.*, 6 Cal.2d 368 [57 P.2d 919], is applicable. That case holds that the commission can make an award under section 5410 for a new and further disability after five years from the date of injury if the application is filed before the five years have elapsed.

It is quite clear that before the five-year period has expired the commission can act under section 5803 to alter or amend, or can act under section 5410, but that after the expiration of the five-year period there is no power to act under section 5803, and the commission can act only under section 5410. (*Westvaco etc. Corp.* v. *Industrial Acc. Com.*, 136 Cal.App. 2d 60 [288 P.2d 300].)

█ In the present case, the petition filed four days before the five years had elapsed was entitled a "Petition to Reopen to Amend . . . to Provide . . . Future Medical Treatment." The decision of May 24, 1955, made after the five years had elapsed was an "Order Amending Decision after

Reconsideration to Provide Future Medical Treatment'' and the body of the decision ordered that the Decision after Reconsideration should be ''amended to provide for future medical treatment.'' The order rescinded the provision of the order of October 30, 1953, declaring that further medical treatment was not necessary and substituted a provision for further medical treatment. Not a word was said about any new or further disability. So far as the English language is capable of conveying thought, the applicant prayed for and the commission granted an amendment of its 1953 order. As was pointed out in the Westvaco case, *supra*, at page 65: ''. . . an order for new and further disability is not an order amending a previous order on the subject of permanent disability. It is a completely new order.'' In the instant case the applicant on March 2, 1955, did not purport to be instituting a new and independent proceeding for an award based on a new and further disability. The employer and its carrier were never presented with that issue. The applicant frankly and clearly asked for a modification of the original award. He pleaded his case under section 5803, and relief was granted to him under that section.

This conclusion is supported and is consistent with the holdings in *Sprague* v. *Industrial Acc. Com.*, 46 Cal.2d 414 [296 P.2d 548], and *Sutton* v. *Industrial Acc. Com.*, 46 Cal.2d 791 [298 P.2d 857]. The Sprague case held, among other things, that an application for medical treatment made within the five-year period did not amount to a claim for new and further disability. In the Sutton case the Supreme Court held that section 5410 applied only to applications based on a new and further disability and where such is not involved the applications are governed by sections 5803 and 5804. (See also *State* v. *Industrial Acc. Com.*, 155 Cal.App. 2d 551 [318 P.2d 194].)

The order amending the decision after reconsideration to provide further medical treatment of May 24, 1955, and the decision after reconsideration dated June 14, 1957, being beyond the jurisdiction of the commission to make, are annulled.

Bray, J., and Wood (Fred B.), J., concurred.

The petition of respondent Industrial Accident Commission for a hearing by the Supreme Court was denied May 7, 1958. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.