[Civ. No. 25670. Second Dist., Div. Three. Nov. 8, 1961.]

AL GENE SPORTSWEAR et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and MARGIE PORTER, Respondents.

710

Herlihy & Herlihy and Ray B. Cumming for Petitioners.

Everett A. Corten and Edward A. Sarkisian for Respondents.

FRAMPTON, J. pro tem.*—Petitioners, an employer and its workmen's compensation carrier, seek annulment of a decision (on granting of rehearing) of the respondent Industrial Accident Commission, and of an order on reconsideration thereof, increasing a prior award of compensation to the respondent employee for permanent disability indemnity and other compensation benefits.

The said subsequent decision was made more than five years after the date of the employee's injury. The order on reconsideration, which in effect affirmed the decision on rehearing, was issued upon a petition which alleged that the employee's disability had recurred or increased.

Under the facts presented and for the reasons later stated, it is our opinion that the commission had no jurisdiction to issue either its decision on reopening or its later order on reconsideration.

The employee, a clothes presser, sustained an industrially caused injury to her right arm on August 4, 1954.

On August 4, 1958, after hearing, findings were made that said injury, among other things, had caused permanent disability of 22½ per cent of total and that the employee was not in need of further medical treatment. An award was made based upon such findings.

On July 7, 1959 (i.e. shortly before five years had elapsed since the date of injury, August 4, 1954), the employee filed a

---

*Assigned by Chairman of Judicial Council.

petition to reopen. The grounds stated in said petition will be reviewed later in connection with the respondent commission's contention that it had jurisdiction to reopen the matter and award additional compensation benefits under section 5410 of the Labor Code on the basis that the original injury had caused new and further disability.

The order granting the employee's petition to reopen and increasing the prior award was issued April 25, 1961, more than five years after the date of the injury.

In the order and decision of April 25, 1961, the commission found, among other things, that the injury had caused new and further disability from February 3, 1959, to March 11, 1959, entitling the employee to $24.70 per week during said period; that the injury also had caused permanent disability which was rerated at 75 per cent of total (instead of 22½% of total as found in its prior findings and award of August 4, 1958) entitling the employee to substantially increased permanent disability indemnity; and that the employee was entitled to be reimbursed for certain self-procured medical expenses and to such continued and further medical treatment as may reasonably be required during the remainder of her life to relieve from the effects of said injury.

The commission further found that the employee's claim was not barred by the statute of limitations; and that it had jurisdiction so to amend and increase its prior award of August 4, 1958, under the provisions of sections 5803 and 5804 of the Labor Code.

It was ordered that the employee's petition to reopen be granted, and an increased award in accordance with its new findings was issued.

The employer and its compensation carrier filed a petition for reconsideration which was granted on June 9, 1961. The commission granted reconsideration for the sole purpose of amending one of the findings in its order and decision of April 25, 1961, to read that, "the Commission has jurisdiction under Section 5410 of the Labor Code."

The commission as previously stated had found in its decision of April 25, 1961, that it had jurisdiction under sections 5803 and 5804 of the Labor Code to grant the petition for reopening and to increase its prior award of August 4, 1958. In its order granting reconsideration, the commission merely changed its finding to read that it had jurisdiction under section 5410 of the Labor Code; and, in all other respects, it affirmed its order and decision of April 25, 1961.

Section 5803 of the Labor Code provides in essence that the commission has power to review, diminish, increase or terminate any compensation award upon the grounds that the disability of the person in whose favor such award was made "has either *recurred, increased,* diminished, or terminated." (Emphasis added.) Section 5804 of said code specifies that no award of compensation shall be rescinded, altered, or amended after five years from the date of the injury.

■ It is inescapable therefore that, since the decision on reopening which altered the prior award and increased the compensation award, was not issued until more than five years had passed since the date of the injury, the commission had no power nor jurisdiction under sections 5803 and 5804 of the Labor Code to issue its decision of April 25, 1961. (Lab. Code, § 5804; *Sutton* v. *Industrial Acc. Com.,* 46 Cal.2d 791, 795 [298 P.2d 857]; *Broadway-Locust Co.* v. *Industrial Acc. Com.,* 92 Cal.App.2d 287 [206 P.2d 856].)

■ The commission in its opinion and order of June 9, 1961, on granting reconsideration and in its answer to the petition herein concedes in effect that it had no jurisdiction under sections 5803 and 5804 of the Labor Code. The commission takes the position that it had power and jurisdiction to make the supplemental and additional award of compensation benefits herein by virtue of the provisions of section 5410 of the Labor Code.

Section 5410 of the Labor Code provides in substance that an injured employee has the right to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. It is well established that the commission has jurisdiction to issue an award of compensation benefits for new and further disability more than five years from the date of the original injury, provided, that proceedings therefor are instituted within five years after the date of the injury. (Lab. Code, § 5410; *Broadway-Locust Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App.2d 287; *Sutton* v. *Industrial Acc. Com., supra,* 46 Cal.2d 791, 794; *United Air Lines* v. *Industrial Acc. Com.,* 158 Cal.App.2d 294 [322 P.2d 535].)

In the cause before this court the only proceeding instituted within the five-year period was the employee's pleading entitled, "PETITION TO REOPEN (Change in Condition)."

In her petition to reopen, the employee alleged that, since the date of the last evidence in the case, the disability "has

*recurred* and there has been a change in condition consisting of a *return* of pain in the right elbow and shoulder and numbness of the right hand caused by the accident herein, requiring further medical treatment and causing a further period of disability beginning August 4, 1958, and continuing indefinitely.'' (Emphasis added.)

The allegations of the petition were merely that the disability had *recurred* and that there had been a change in condition consisting of a *return* of pain. The observations of the reviewing court in *United Air Lines* v. *Industrial Acc. Com.,* *supra,* 158 Cal.App.2d 294, 298, are therefore pertinent. Therein the reviewing court stated, ''Not a word was said about any new or further disability. So far as the English language is capable of conveying thought, the applicant prayed for . . . an amendment of [the commission's prior] order.''

It is clear that the petition to reopen was an application for relief under section 5803 of the Labor Code, as the commission found in its order and decision of April 25, 1961.

While a liberal construction should be given to such a petition, this does not mean that allegations can be read into a petition which do not appear therein and which cannot be implied under any reasonable construction. The petition to reopen was an application for relief under section 5803 of the Labor Code upon the ground that the disability *''recurred''* and the pain had *''returned.''* There were no allegations indicating that the employee was seeking compensation under section 5410 of said code upon the ground that the original injury had caused any ''new and further disability.''

This is not a case where ''temporary disability indemnity'' only had been previously allowed. A prior award for ''permanent disability indemnity'' had been issued herein on August 4, 1958. Therefore, such cases as *Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100 [33 P.2d 413], and *Douglas Aircraft Co.* v. *Industrial Acc. Com.,* 31 Cal.2d 853 [193 P.2d 468], are not pertinent.

No proceeding for compensation under section 5410 of the Labor Code upon the ground that the original injury had caused new and further disability having been instituted within five years after the date of the injury, the commission had no jurisdiction to make any award thereunder; and, the commission under the facts herein had no jurisdiction to amend and increase its prior award under the provisions of sections 5803 and 5804 of the Labor Code.

The order, decision and awards of April 25, 1961, and June 9, 1961, are and each of them is annulled.

Shinn, P. J., and Ford, J., concurred.

The petition of respondent Industrial Accident Commission for a hearing by the Supreme Court was denied January 17, 1962. Gibson, C. J., Peters, J., and Dooling, J., were of the opinion that the petition should be granted.