[Civ. No. 20271.   First Dist., Div. One.   Mar. 19, 1962.]

UNITED STATES PIPE AND FOUNDRY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ANTONIO HINOJOZA, Respondents.

John P. Macmeeken and Chickering & Gregory for Petitioner.

Everett A. Corten, Emily B. Johnson, Edward E. Martins and Pucci & Martins for Respondents.

TOBRINER, J.—Does Labor Code section 5900, subdivision (b), providing that at any time within 60 days after the filing of an order the Industrial Accident Commission may on its own motion grant reconsideration of the matter, fix a jurisdictional time limit upon such action of the commission? Although no case specifically decides the issue, we believe the language of the section and the statutory design permit no other conclusion than that the time limitation is jurisdictional.

On September 11, 1958, the applicant filed an application with the Industrial Accident Commission alleging that he had

suffered an industrial injury while employed by the petitioner. At hearings held before the referee on December 15, 1958, March 9, 1959, and May 6, 1959, the testimony developed that in March 1958, applicant's feet began to pain him, principally his right foot. In April 1958, he noticed that he was suffering from athlete's foot. He stopped work on July 24, 1958. He was hospitalized in July of 1958, and again in August of 1958. Thereafter his right first toe was amputated because of a gangrenous ulceration.

The applicant suffered from a vascular disease either "Buerger's disease" or an "immersion foot syndrome"; he contended that this disease had been aggravated or caused by his employment. Applicant testified that he worked as a "troughman" casting pipe. After starting work his feet and legs became soaking wet from splashing water and remained in that condition during the entire workday. Petitioner countered with the argument that the applicant had not sustained any injury arising out of, or in the course of, his employment, and that his disability resulted solely from a nonindustrial disease.

After submission of the case, the referee on May 15, 1959, filed and served his findings and order. The order adjudged that applicant take nothing by reason of his claim and the findings of fact stated that "2. Applicant did not sustain any injury arising out of or occurring in the course of his employment in March, 1958 or prior thereto. 3. The disability of which applicant complains was not proximately caused, or caused at all, by any injury arising out of or occurring in the course of his employment, or by his employment."

The applicant took no action within the 20-day period prescribed for the filing of a petition for reconsideration. (Lab. Code, §§ 5900, 5903.) On June 30, 1959, however, 45 days after the service of the findings and order, applicant filed a petition for reconsideration asking that, pursuant to Labor Code section 5900, subdivision (b) the commission reconsider the matter on its own motion. The commission, however, failed to act within the 60-day period prescribed in the section. On July 17, 1959, 63 days after the filing of the findings and order, the commission issued its order dismissing the petition for reconsideration and rendered an order granting reconsideration pursuant to Labor Code section 5900, subdivision (b).

The commission set down the case for further determination before a second referee who received additional testimony at hearings held on November 14, 1960, February 9, 1961, and April 26, 1961. At these hearings conflicting medical reports of Drs. Shaffer, Hine and Leeds were introduced.

Petitioner contends that the commission did not arrange for the preparation, or certification of the transcript of the evidence introduced at the hearings of March 9, 1959, or April 26, 1961, and that on these dates its principal witness, Dr. Leeds, adduced material evidence on the issue of injury. The transcript of the testimony taken at the hearings of May 6, 1959, November 14, 1960, and February 9, 1961, had been so prepared and certified.

The panel issued a decision after reconsideration, which it filed on September 26, 1961. In this decision it found that the applicant had sustained an injury arising out of and in the course of his employment. The panel ordered the matter to be returned to the calendar on all other issues. Petitioner thereupon brought this petition for writ of review.

We shall set out *infra* our reasons for deciding that (1) the commission, in granting reconsideration on its own motion, after the expiration of the 60-day provision in section 5900, subdivision (b), of the Labor Code, exceeded its jurisdiction, (2) the commission's ruling could not be regarded as a decision after reopening pursuant to Labor Code section 5803, and (3) petitioner did not suffer a denial of due process because the commission failed to read the testimony transcribed at the original hearing and at the hearing on reconsideration.

As to the first issue, the nature of the power of the commission must primarily derive from the language of section 5900, subdivision (b). The section reads: ''At any time within 60 days after the filing of an order, decision, or award made by a commissioner or a referee and the accompanying report, the commission may, on its own motion, grant reconsideration.'' Labor Code section 5900, subdivision (a), provides that any person aggrieved may petition the commission for reconsideration; section 5903 specifies that such petition be brought within 20 days.

As we have stated above, we believe that the provisions of the section are mandatory and jurisdictional; in reaching that conclusion we have been guided by the statutory design. As petitioner points out, the Legislature has provided

in the Workmen's Compensation Act a procedure for reconsideration of its awards. (1 Hanna, The Law of Employee Injuries and Workmen's Compensation (1953), p. 128.) Such reconsideration fulfills substantially the same function as the new trial in civil proceedings. Accordingly, Labor Code section 5903 describes the specific grounds upon which such reconsideration may be sought; sections 5906, 5907, 5908 tell what action may be taken, and sections 5900, 5903, 5909 specify the times for seeking and granting reconsideration.

The finality of the rulings of the commission in the absence of reconsideration is described in section 115 which provides in part that " [e]very finding, order, decision, or award made and filed by any commissioner *or referee* pursuant to such . . . hearing is the finding, order, decision, or award of the commission *unless reconsideration is had in accordance with the provisions of Article 1, Chapter 7, Part 4, Division 4 of this code."* (Emphasis added.) ▮ The cases have held that upon the expiration of the time for reconsideration or review in the courts, the decisions of the commission are final and conclusive as to the matters litigated by the parties. (Lab. Code, § 5302. See *French* v. *Rishell* (1953) 40 Cal.2d 477, 480, 481 [254 P.2d 26] ; *California-Western etc. Ins. Co.* v. *Industrial Acc. Com.* (1952) 39 Cal.2d 104, 107 [244 P.2d 912] ; *Thaxter* v. *Finn* (1918) 178 Cal. 270, 275 [173 P. 163].)

The statutory prescription of the period in which to apply for reconsideration and for the finality of the commission's orders in the absence of such request has led the courts to rule that the commission lacked the power to grant an untimely petition for reconsideration. Prior to the 1951 enactment of section 5900, subdivision (b), providing for reconsideration on the commission's own motion, the court in *Young* v. *Industrial Acc. Com.* (1944) 63 Cal.App.2d 286, 288-294 [146 P.2d 693] held that the commission could not act upon a request for reconsideration filed after the lapse of the 20-day period fixed in Labor Code sections 5900 (now §§ 5900, subd. (a) ) and 5903, and that the applicant could not invoke the commission's continuing jurisdiction to accomplish the same purpose. (See *Kennedy* v. *Industrial Acc. Com.* (1920) 50 Cal.App. 184, 188 [195 P. 267] ; 1 Hanna, *supra,* pp. 134, 135.) In an analogous situation the courts have declared that the District Court of Appeal lacked jurisdiction to adjudicate an order of the commission upon a petition for review which had not been filed within the 30-day period pre-

scribed in Labor Code section 5950. (*National Auto. Ins. Co.* v. *Industrial Acc. Com.* (1943) 58 Cal.App.2d 508, 509 [136 P.2d 815]; *North Pacific S. S. Co.* v. *Soley* (1924) 193 Cal. 138, 140-141 [223 P. 462].)

The commission has itself held that the time provisions as to reconsideration constituted jurisdictional limitations. In *Pacheco* v. *Industrial Acc. Com.* (1959) 24 Calif. Comp. Cases 266, the commission, in denying reconsideration as untimely, stated: " '[W]e have always regarded the statutory requirements as being jurisdictional.' " The commission has uniformly treated the time limitations of the section as mandatory. (See *Sanders* v. *Industrial Acc. Com.* (1960) 25 Calif. Comp. Cases 152; *Burdine* v. *Industrial Acc. Com.* (1947) 12 Calif. Comp. Cases 242; *Hartman* v. *Industrial Acc. Com.* (1947) 12 Calif. Comp. Cases 5; *Goodman* v. *J. C. Penney Co.* (1942) 7 Calif. Comp. Cases 185; *Schumacher* v. *Ind-Acc. Com.* (1940) 5 Calif. Comp. Cases 248.) The commentators likewise have indicated that the 60-day provision conditions the power of the commission upon reconsideration. (See *e.g.,* 1 Hanna, *supra,* pp. 134, 142; 2 Witkin, Summary of Cal. Law, pp. 1765-1766; 55 Cal.Jur.2d § 321, p. 358.)

On the other hand, the commission's citation of *Peak* v. *Industrial Acc. Com.* (1947) 82 Cal.App.2d 926, 932 [187 P.2d 905], as authority for the proposition that section 5900, subdivision (b), should be considered as directory only, does not involve the same problem as that which confronts us here. That case turned upon Labor Code section 5800 (now § 5313), which provides that the referee or commission shall within 30 days after the hearing make and file findings. We held that the 30-day provision was not jurisdictional. Certainly the preparation of findings is but one step in the process of reaching a decision; it is not comparable to setting aside a decision which otherwise would be final.

We conclude that the statute precludes the commission's grant of reconsideration after the lapse of 60 days. The language clearly states that "within 60 days after the filing of an order . . . the commission may . . . grant reconsideration"; such language suggests no hint of ambiguity. It is no different in effect than the provision fixing the time for filing a petition for reconsideration "within 20 days after the service of any final order. . . ." The commission properly treats the latter procedure as mandatory and did so in the instant case. The fact that the former procedure is self-

generated does not serve to distinguish it, and we must accordingly apply the legislative mandate in both instances.

The commission seeks to sustain its order on a second ground; it urges that instead of treating its ruling as a decision after reconsideration, we should regard it as a decision after reopening, pursuant to Labor Code section 5803. As we have above indicated, however, we do not believe this order, subject to error and infirmity, can be so lightly converted into a different, if valid, one.

The infirmity, indeed, is the culmination of a series of errors of the commission. Apparently, when the commission realized that the 60-day period had passed, it determined upon alternative courses of conduct. First, it would hold a hearing on the medical question, as scheduled. Then, if it decided that the referee were correct, it would issue a decision after reconsideration adopting the referee's decision. No one, the commission felt, could voice a legitimate objection to such a decision. If, however, the commission decided that the evidence required that compensation benefits be awarded, it would issue a decision after reconsideration, and it would "point out . . . that it considered the time limitations in *Labor Code section 5900(b)* to be directory rather than mandatory. . . ." It also intended to buttress its position by issuing an order granting the petition to reopen "and in its decision to make a finding that good cause to reopen had been shown." Although the commission actually failed to render the last order, it nevertheless now requests us to treat its decision after reconsideration as just such a decision after reopening.

Despite the commission's obvious objective of affording to the claimant a proper adjudication of his claim, and of clearing away the debris of its own errors in order to reach that end, the commission must operate within the statutory bounds. The commission urges that its ruling bore an erroneous title; that its "Decision After Reconsideration" should have been "Decision After Reopening" and that we should treat it as such. But, at the outset, we are fearful that this easy manipulation of title could carry dangerous implications for the integrity of future adjudication. The clarity of successive and different procedures could be seriously impaired if hearings of a specific nature and substance could be affected by a change of labels. The content of a procedure should not be subject to alteration by title. Any such looseness in procedure could create ambiguity in the judicial process.

There is more involved here than affixing titles to procedures. The process of the reopening of the case is not identical with the process of reconsideration, and this difference introduces in the instant case problems of due process. Section 5803 of the Labor Code sets out the procedure of reopening: "At any time, *upon notice and after an opportunity to be heard is given to the parties in interest,* the commission may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor." (Emphasis added.) The interested party must be given notice and opportunity to be heard, and one of the issues upon which he is to be heard is whether or not "good cause" justifies the reopening. The requirement of good cause distinguishes the procedure of reopening from the procedure of reconsideration, which is unlimited and independent of good cause. (Lab. Code, §§ 5900, subd. (b), 5803; *Argonaut Ins. Exchange* v. *Industrial Acc. Com.* (1958) 49 Cal.2d 706, 710-711 [321 P.2d 460].)

The interested party here, the petitioner, did not receive notice that the hearing pertained to the issue of the reopening of the case under Labor Code section 5803. The commission does not contend that petitioner knew that the commission purported to act pursuant to that section or that such was the nature of the proceeding in which it was involved. ▮▮▮ "The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." (*Anderson Nat. Bank* v. *Luckett* (1944) 321 U.S. 233 [64 S.Ct. 599, 606, 88 L.Ed. 692, 151 A.L.R. 824].) The commission did not give petitioner adequate notice of any purported procedure under section 5803.

▮ The commission urges upon us the fallacious argument that all we need determine here is whether or not the record shows good cause to reopen. Yet clearly this showing will not suffice; the commission itself must decide if such good cause appears. The commission has not done so; it has not met the requirement of the statute; we cannot substitute our judgment for the commission's. On the other hand, we do not mean to suggest that the commission may not, pursuant to the procedures of Labor Code section 5803, upon its finding of good cause, reopen this case.

▮ We may briefly dispose of petitioner's final point that the commission denied it due process by failing to read the transcript of the testimony taken at the original hearing

and at the hearing on reconsideration. The recent Supreme Court decision in *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.* (1961) 57 Cal.2d 115 [17 Cal.Rptr. 817, 367 P.2d 409] refutes this contention, pointing out "The obligation of the panel members was to achieve a substantial understanding of the record by any reasonable means, including the use of the referee's summary." (P. 120.) If, as the court explains, petitioner would urge that the referee's summary is not adequate, it must point "to specific, material defects in the summary," in which event, the commission "would have been obliged to order a transcript" in order to test the accuracy and completeness of the summary. (P. 120.)

In final analysis of the commission's belated attempt to grant reconsideration in this cause we must observe that the legislative word and design cannot be ignored even for the sake of a single claim which may be meritorious.

The decision after reconsideration and the order granting reconsideration pursuant to Labor Code section 5900, subdivision (b), made by the Industrial Accident Commission are annulled, vacated and set aside.

Bray, P. J., and Sullivan, J., concurred.