[S.F. No. 22740. In Bank. Oct. 26, 1970.]

WILLIAM O. BLAND, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
McPHAIL'S, INC., et al., Respondents.

**COUNSEL**

Levy & Van Bourg and N. Michael Rucka for Petitioner.

Rupert A. Pedrin and Marcel L. Gunther for Respondents.

**OPINION**

**TOBRINER, J.**—Petitioner seeks review of a decision of the Workmen's Compensation Appeals Board (hereinafter board), after reconsideration, in which the board decided that petitioner should receive further medical treatment for his injuries but not compensation for temporary disability. The board refused such compensation on the sole ground that the petition to reopen did not specifically request it.

1. *The facts.*

After having worked steadily for some 17 years as a cement mason, petitioner undertook employment with McPhail's, Inc., in Greenbrae, California. The McPhail job of finishing cement largely required kneeling and bending. While in the course of his employment on December 16, 1963, petitioner, then 48 years old, sustained an injury to his left knee. After considerable medical treatment petitioner underwent surgery upon that knee.

Petitioner filed an application for workmen's compensation benefits on October 29, 1964; the referee, at the hearing on the petition, considered petitioner's knee injury as well as a number of unrelated injuries, and awarded petitioner temporary disability compensation for the period December 18, 1963, through April 4, 1965. In addition, the referee found that the knee injury had resulted in 16 percent permanent disability and awarded compensation in that amount.

In January 1968 petitioner again suffered pain in his left knee. Upon examining petitioner on May 23, 1968, Dr. Colloff, an orthopedic specialist, found increased disability from the knee injury, and proceeded with treatment provided by Travelers Insurance Company, the insurance carrier. On August 23, 1968, petitioner filed a petition to reopen his compensation claim, appending Dr. Colloff's report. Petitioner requested "that the Appeals Board take such steps as may be necessary to a redetermination of this matter and for an increase in the benefits payable to petitioner on account of said permanent disability."

A referee conducted a hearing concerning this petition on November 25, 1968; the stipulated issues were "Good cause to reopen for further medical treatment and for further permanent disability." The referee found good cause for reopening, concluded that petitioner had suffered 9½ percent additional permanent disability due to his knee injury, and awarded medical treatment and compensation for a total of 25½ percent permanent disability.

During the pendency of these proceedings before the referee, petitioner's condition had steadily retrogressed; surgery was indicated for the knee. On January 22, 1969, petitioner filed a petition for reconsideration on the ground that his condition could not be considered permanent in view of the impending surgery. (Lab. Code, § 5903, subd. (d).) The board granted reconsideration on February 21, 1969, requesting an examination of petitioner by the medical bureau of the Division of Industrial Accidents.

The medical examiner, thereafter, concluded that petitioner's condition had not become permanent but had deteriorated since September 20, 1965, the date of petitioner's last disability rating. On May 28, 1969, the board found good cause to reopen; held that petitioner suffered temporary total disability from May 23, 1968, through March 28, 1969, and continuing thereafter, and concluded that petitioner's condition was not yet permanent. Hence, the board provided for further medical care and treatment, awarding temporary disability compensation from May 23, 1968, through December 16, 1968, less the amounts petitioner had already received on

account of the referee's award of January 6, 1969.[1] Furthermore, the board reserved its jurisdiction to find on the issue of permanent disability at such time as petitioner's condition becomes permanent.

In order to upset the award the insurance carrier and employer thereafter petitioned for reconsideration on the ground that the board lacked jurisdiction to award compensation for temporary disability for the period May 23, 1968, through December 16, 1968, because petitioner had not specifically requested such compensation prior to the expiration of five years from the injury of December 16, 1963. After again reconsidering the case, the board found merit in the proposition that "inasmuch as the issue of additional temporary disability was not raised by the applicant in his Petition to Reopen, or at the hearing subsequent to the filing thereof, the Board lacked jurisdiction to find such additional temporary disability." Although the board remained convinced that petitioner's condition was not yet permanent and stationary, it refused to award compensation for his temporary disability.[2] The board did, however, award further medical care and expressly reserved its jurisdiction to consider the issue of permanent disability when and if petitioner's condition became permanent.

We granted a writ of review after its denial by the Court of Appeal in order to decide whether the board could exercise jurisdiction to award temporary disability compensation to an employee who is otherwise entitled to it but who did not in the circumstances of this case specifically plead for this type of compensation.

2. *The board retained jurisdiction to consider petitioner's claim for temporary disability compensation.*

At the outset we face the narrow question whether the board retained

---

[1]Although petitioner suffered temporary total disability from May 23, 1968, through March 28, 1969, and continuing thereafter, the appeals board could only award temporary disability compensation through December 16, 1968, which date marked the expiration of five years from the injury. (Lab. Code, § 4656.)

[2]The board in its initial decision upon reconsideration determined that applicant was in fact suffering from temporary total disability from May 23, 1968, through December 16, 1968, and awarded temporary disability compensation for that period. The record discloses substantial evidence to support that award (see *LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432]), but since the board in its second decision upon reconsideration refused compensation on jurisdictional grounds, we consider only that jurisdictional issue and do not inquire into the sufficiency of the evidence to support the initial award. In both its first and second decisions after reconsideration the board properly reserved jurisdiction to award permanent disability compensation until such time as applicant's condition became permanent. (See *Wollum* v. *Workmen's Comp. App. Bd.* (1970) 35 Cal.Comp.Cases 150, 153 (hg. den.); 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1969) § 9.03 [1] (hereinafter cited as Hanna).)

jurisdiction to award temporary disability to this petitioner, who had filed a petition to reopen within the limitations period, or whether the board lacked jurisdiction to do so because Labor Code sections 5803 and 5804 barred the claim. We shall explain why we have concluded that in light of the strong policy in favor of liberal treatment of workmen's claims for disability, the petition to reopen sufficiently preserved the board's jurisdiction to award temporary disability. Not only did the petition itself literally pray for the widest exercise of the board's jurisdiction by asking it to "take such steps as may be necessary to a redetermination of this matter" but, also, inherently, the petition, even if considered to be constricted to a claim for permanent disability, necessarily sought compensation for temporary disability in the event petitioner's medical condition had not stabilized. Finally, the decisions support petitioner's position.

Two statutory provisions pertain to the jurisdiction of the board in the instant matter. Labor Code section 5803 provides that the board "has continuing jurisdiction over all its orders, decisions, and awards. . . . Such power includes the right to review, grant or regrant, diminish, increase or terminate . . . any compensation awarded upon the grounds that the disability of the person . . . has either recurred, increased, diminished, or terminated." Section 5804 of the Labor Code establishes a five-year limitation upon reopening a case under section 5803: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury *except upon a petition by a party in interest filed within such five years* and any counter-petition seeking other relief filed by the adverse party within 30 days of the original petition. . . ." (Italics added.)[3]

In determining whether, under these sections, the petition to reopen suffices to preserve the jurisdiction of the board to render the temporary disability award, we must follow certain mandates of interpretation. Pursuant to article XX, section 21 of the Constitution, the Legislature enacted the workmen's compensation laws, endowing the Workmen's Com-

---

[3]In *Sutton* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 791, 793-794 [298 P.2d 857], this court held that upon the passage of five years from the date of an industrial injury the board lost jurisdiction to act upon a petition for reopening under Labor Code section 5803, even if the petition had been filed prior to the expiration of the five-year period. (See also *Al Gene Sportswear* v. *Industrial Acc. Com.* (1961) 196 Cal.App.2d 709, 712 [16 Cal.Rptr. 760]; *United Air Lines, Inc.* v. *Industrial Acc. Com.* (1958) 158 Cal.App.2d 294, 298 [322 P.2d 535].) Prior to 1963 Labor Code section 5804 read in pertinent part: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury." Since the *Sutton, United Air Lines,* and *Al Gene Sportswear* decisions, however, the Legislature amended the statute in 1963 to add the words "except upon a petition by a party in interest filed within such five years." Hence, the board properly concedes in its brief that "Since the amendment of Labor Code section 5804 in 1963, the power of the board to reopen extends beyond the five year period, if a petition is filed within that period." (Italics omitted.)

pensation Appeals Board with authority to adopt "reasonable and proper rules of practice and procedure" (Lab. Code, § 5307, subd. (a)), and further stipulating that the board "shall not be bound by the common law or statutory rules of evidence and procedure, but may make inquiry in the manner, through oral testimony and records, which is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions" of the workmen's compensation laws. (Lab. Code, §§ 5500, 5708.) As this court observed in *French* v. *Rishell* (1953) 40 Cal.2d 477, 481 [254 P.2d 26], the board "from its early days, has" been "allowed to receive hearsay evidence and to proceed informally. . . ."[4]

■ The board has appropriately enforced the legislative mandate regarding informality of pleading, as the following instances exemplify: by prohibiting demurrers to workmen's compensation claims,[5] by permitting any party in interest to file an application,[6] by not dismissing incomplete applications but rather attempting to obtain the necessary information on its own motion,[7] by treating a new application for benefits filed more than five years after the date of injury as a valid petition to reopen because an earlier application relating to the same injury had been improperly dismissed,[8] by interpreting a reasonably detailed letter from an injured workman as an application,[9] by waiving the requirement of separate applications for separate injuries in the interests of justice,[10] and by liberally permitting amendment to applications to conform to proof.[11]

In the same manner, the courts and the board, recognizing the legislative mandate of liberal interpretation, have applied it to cases, such as the instant one, that involved statutory limitations. ■ As we observed in *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236], "Limitations provisions in the workmen's compensation law must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result

---

[4]See Nonet, Administrative Justice (1969) pages 10-17; California Workmen's Compensation Practice (Cont. Ed. Bar 1963) sections 1.1-1.28, at pages 3-13; Witt, Book Review (1970) 58 Cal.L.Rev. 346, 348.

[5]See Labor Code section 5500; 1 Hanna, section 5.01[4].

[6]See 1 Hanna, section 5.01[2][h].

[7]See 1 Hanna, section 5.01[2][c].

[8]See *Associated Indem. Co.* v. *Workmen's Comp. App. Bd.* (1969) 34 Cal.Comp. Cases 70.

[9]See *Newhall Land & Farming Co.* v. *Industrial Acc. Com.* (1922) 57 Cal.App. 115, 121-124 [206 P. 769].

[10]See *Swift & Co.* v. *Workmen's Comp. App. Bd.* (1969) 34 Cal.Comp.Cases 130, 132.

[11]See 1 Hanna, section 5.01 [2][e].

in" a loss of compensation. (See Lab. Code, § 3202; *Lundberg* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 436, 439 [71 Cal.Rptr. 684, 445 P.2d 300]; *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 404-406 [71 Cal.Rptr. 678, 445 P.2d 294]; see also *LeVesque* v. *Workmen's Comp. App. Bd., supra,* 1 Cal.3d 627, 637, fn. 19.) ▆ In light of these principles of liberal construction, we note that the language of section 5804—"No award shall be . . . amended . . . except upon a petition by a party . . . filed within such five years"—does not limit relief to the prayer of the petition. Hence, in a petition to reopen, the injured employee need not request any particular classification of compensation in order to vest the board with jurisdiction to reconsider the entire case.

▆ Certainly the language of the instant petition to reopen, liberally construed, suffices to preserve the jurisdiction of the board to entertain a claim for temporary disability. The "Wherefore" clause of the petition stated: "it is respectfully requested that the Appeals Board take such steps as may be necessary to a redetermination of this matter *and* for an increase in the benefits payable to petitioner on account of said permanent disability." (Emphasis added.) The prayer that the board "take such steps as may be necessary to a redetermination of this matter" invites the board to enter a jurisdictional area of unlimited expanse; the prayer encompasses any and all procedures involved in reassessing the whole matter and surely does not exclude a determination as to temporary disability. The reference to "permanent disability" constitutes an additional and further request, joined with the prior prayer by the word "and"; it does not *restrict* the prior, and broader, prayer.[12]

▆ Even if this court were to construe applicant's petition to reopen as only a request for permanent disability, we believe that it afforded the board jurisdiction to award him temporary disability. In deliberating upon such a petition the board must decide whether applicant's medical condition has sufficiently stabilized to permit a permanent disability evaluation. In the event that his physical condition has not stabilized, petitioner would not yet be entitled to a permanent disability award, but normally during

---

[12]We note in passing that the petitioner used the standard appeals board form entitled "Petition To Reopen." The form simply states: "Petitioner hereby requests that the above-entitled action be reopened for the following reasons:" (See Cal. Workmen's Compensation Practice, *supra,* § 13.13, at p. 409; 1 Hanna, Form 7.1 (WCAB Form 42).) The form does not specify any particular remedy or relief to be obtained from the reopening, but merely that the "above-entitled action be reopened." (Lab. Code, §§ 5803, 5804.) That the applicant here, perhaps unnecessarily, but surely, helpfully, appended a "Wherefore" clause to his petition, which, in fact, exactly follows that suggested by 1 Hanna, Form 7.3, should not penalize him; it should not serve as a license to the board to read the prayer in a mutilating and restrictive manner.

the interim, would be granted temporary disability compensation. (See *McCoy* v. *Industrial Acc. Com.* (1966) 64 Cal.2d 82, 91-92 [48 Cal. Rptr. 858, 410 P.2d 362].) In the instant case the medical evidence, properly introduced pursuant to applicant's petition, showed that, although his physical condition had not yet reached a stationary stage, he did suffer temporary disability. In essence, the petition for the greater award of permanent disability necessarily included an award of lesser temporary disability. The petition thus sufficed to support the board's jurisdiction to award temporary disability "upon a petition by a party in interest filed within such five years." (Lab. Code, § 5804.)

The extent to which an informal application should be construed as a petition to reopen sufficient to toll the statute of limitations, is demonstrated by *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204 [69 Cal.Rptr. 516]. In that case, shortly before the expiration of the five-year statutory period, Beaida's doctor wrote the board "calling attention to the patient's protracted symptoms and enclosing several medical reports. He expressed the opinion that the award did not fairly cover the extent of the claimant's disability and asked whether an adjustment in the disability rating was justified." (263 Cal.App.2d at p. 206.) In substance, the doctor's letter did not request any particular kind of compensation, but simply brought Beaida's new medical condition to the attention of the board. After the fifth anniversary of his injury, Beaida filed a petition to reopen.

Believing that the doctor's letter could not qualify as a pleading because it did not come from Beaida's attorney of record, the board concluded it lacked jurisdiction to reopen. The Court of Appeal reversed, holding that the term "petition by a party in interest" in section 5804, sufficed to include the doctor's letter,[13] and, therefore, that the letter preserved the board's jurisdiction. If the letter in *Beaida* constituted a sufficient "petition by a party in interest" to toll the five-year statute of limitations, clearly petitioner's application in the present case served to do so.

In support of its contrary position, the board chiefly relies[14] upon

---

[13]The board in the instant case does not contend that applicant's petition failed to "set forth specifically and in detail the facts relied upon to establish good cause for reopening," as required by appeals board rule 10454. (Cal. Admin. Code, tit. 8, § 10454.) In any event, however, an applicant's failure to comply with rule 10454 would not deprive the board of jurisdiction under Labor Code sections 5803 and 5804. (*Beaida* v. *Workmen's Comp. App. Bd., supra,* 263 Cal.App.2d 204, 209-210.)

[14]The board's answer to the petition for hearing asserted that "the process of reopening involves problems of due process. (See *United States Pipe & Foundry Co.* v. *Industrial Acc. Com.* (1962) 201 Cal.App.2d 545, 552 [20 Cal.Rptr. 395].)" (Italics omitted.) By this cryptic reference the board may have sought to question whether the insurer received sufficient notice that an award of temporary disability was at issue. We have fully demonstrated that the petition to reopen in this case necessarily comprehended a request for temporary disability compensation. In any event, the proper remedy for the asserted failure would not .have been a final judgment denying compensation.

*Sprague* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 414, 416-417 [296 P.2d 548], a case which, we think, is distinguishable. There Mrs. Sprague petitioned for "further medical treatment." The petition remained pending after the lapse of the five-year limitations period but, ultimately, it was denied. Not until six months later, after the expiration of the five-year period and, indeed, more than six years after her injury, did Mrs. Sprague file a petition "for increased disability rating," contending that increased disability was implied in the request for further medical treatment.

Whatever the content of Mrs. Sprague's initial petition,[15] the court noted that it had been denied and that the denial had become final. Once the board had resolved the only matter pending before it prior to the end of the five-year period, the board lost jurisdiction to entertain a new petition.

In our case the chain of jurisdiction begins with the petition to reopen; it runs through the petition for reconsideration and never ends. In *Sprague* it was broken upon the denial of "petition for further medical treatment." At that point the jurisdiction of the board dissolved. Although applicant claimed her petition embraced "new and further disability," such expanded reading would avail her nothing since the denial was, of course, coextensive with the petition, whatever its reach. ■ Since, in the instant case, the petition for increased permanent disability remained pending when the

---

[15]In *Sprague* v. *Industrial Acc. Com., supra,* 46 Cal.2d 414, 416-417, the court responded to Mrs. Sprague's contention that her request for further medical treatment implied a petition for increased disability rating as follows: "[I]t is a conclusive answer that it was stipulated at the hearing that the only issue raised was the 'need for further medical treatment'; and that petitioner did not thereafter claim, by petition for reconsideration or for judicial review, that any issue that had been raised had been left undetermined." In the present case the parties similarly stipulated at the hearing before the referee on November 25, 1968, that the issues were "Good cause to reopen for further medical treatment and for further permanent disability." The present case, however, is entirely distinguishable from *Sprague* because applicant did petition for reconsideration and the board granted reconsideration.

The discovery of new evidence material to the case which could not, with reasonable diligence, have been found and produced at the hearing constitutes a ground for reconsideration. (Lab. Code, § 5903, subd. (d); 1 Hanna, § 7.01.) The board ordered that "applicant's Petition for Reconsideration filed herein January 22, 1969, be, and the same hereby is, GRANTED." In addition, the board admitted into evidence the medical reports showing applicant's deteriorating condition since the referee's hearing. The board also requested a report from the medical bureau of the division of industrial accidents; that report supported applicant's contentions. Hanna clearly declares that "The granting of a petition for reconsideration by an order which does not specifically limit further examination of the case to specified issues, reopens the entire case for further consideration, and this is true though but a single point was urged in the petition for reconsideration." (1 Hanna, § 7.03[5][a].) (Fns. omitted.) Hence, the stipulation of the parties at the hearing before the referee and the form of the original petition to reopen could not bar the applicant from raising the newly discovered evidence in a petition for reconsideration (Lab. Code, § 5903, subd. (d)) and before the board upon the granting of reconsideration.

board awarded temporary disability compensation, the holding of *Sprague* does not apply.

■ In conclusion, "we do not believe that awkwardness in allegation should constrict a worker's right to compensation. In many cases before the [board], applicants are not represented by counsel and lack advice as to procedural niceties. The applicant's claim is entitled to adjudication upon substance rather than upon formality of statement." (*Beveridge* v. *Industrial Acc. Com.* (1959) 175 Cal.App.2d 592, 598 [346 P.2d 545].) Indeed, the common law long ago discarded the primitive rules of rigid pleading; to impart that formalism into the proceedings of workmen's compensation would constitute nothing less than an ironic anachronism.

The decision of the board after reconsideration is annulled and the cause remanded for further proceedings consistent with the views expressed herein.

Wright, C. J., Peters, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

**McCOMB, J.**—I dissent. I would affirm the decision of the Workmen's Compensation Appeals Board.