[No. B013561. Second Dist., Div. Five. Jan. 21, 1986.]

MICHAEL SELDEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DEPARTMENT OF CORRECTIONS et al., Respondents.

## Counsel

Hays, Blane & O'Mara and William T. Hays for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett, Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva and Robert A. La Porta for Respondents.

## Opinion

**EAGLESON, J.**—Petitioner Michael Selden seeks review of an order of respondent Workers' Compensation Appeals Board (Board) denying reconsideration of its decision ordering denial of a petition to reopen the case on the issue of permanent disability. We conclude that the Board correctly denied the petition to reopen.

### Procedural History

It is undisputed that applicant sustained cumulative industrial injury in the September 24, 1969, to September 1, 1975, period of his employment as a parole agent by respondent Department of Corrections (Employer), legally uninsured.

In March 1976 the workers' compensation judge (WCJ) found that applicant sustained heart injury in said employment period, resulting in temporary total disability and need for further medical treatment. In September 1977 the WCJ found that applicant sustained 68 percent permanent disability from the heart injury, and reserved jurisdiction of applicant's claim for industrial psychiatric injury.

When the matter was rescheduled for hearing as to psychiatric disability, evidence received included a March 1977 report by psychiatrist Dr. Sosner that applicant had moderate psychiatric symptomatology precluding occupations involving emotional stress, but his condition would ameliorate in the future. Subsequently, however, Dr. Sosner reported in August 1978 that applicant's condition had deteriorated and his degree of psychiatric disability was severe due to job pressures and cardiac surgery. In an addendum to that report, Dr. Sosner opined that as a result of the combination of psy-

chiatric and cardiac disabilities applicant is "totally incapacitated from competing in the open labor market, and therefore he should be considered to be totally disabled from any type of productive employment."

In October 1979 the WCJ found that applicant sustained industrial psychiatric injury which, when combined with the heart disability on the multiple disability table, resulted in 96¾ percent permanent disability, and entered an award accordingly. Applicant did not petition for reconsideration of that award, and it became final.

On August 28, 1980, after applicant avoided properly requested examinations, Employer filed a "Petition to Reopen *to Reduce* Award and Finding of Extended Permanent Disability."[1] (Italics added.) This filing was just a few days prior to the expiration of the five-year jurisdictional period. (§§ 5410, 5804.)

Allegations in the petition to reopen were that since the issuance of the findings and award of 96¾ percent permanent disability, Employer "[has] good cause to believe that the applicant's condition has improved and the extent of permanent disability diminished. [¶] [Employer][] respectfully petition[s] to reopen this matter to reduce the award and finding of fact that the applicant sustained a permanent disability of 96¾%." The prayer requests that the Board "redetermine the permanent disability of the applicant as it presently exists."

In his answer to the petition to reopen, applicant alleged that the petition should be summarily denied because there was no good cause to reopen. He did not allege or request that the award be increased or redetermined in any respect. To the contrary, the allegations of applicant's answer to the petition to reopen were in substance that he has sought and received medical examination and treatment from his group medical insurer rather than continue any relationship with Employer; Employer has continued to annoy and harass applicant under guise of a right to seek medical evaluation to determine whether applicant's disability has lessened since the award; Employer

---

[1]Labor Code section 5410 provides: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability or the need for vocational rehabilitation benefits. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction at all times within this period. This section does not extend the limitation provided in Section 5407."

Labor Code section 5804 provides in part: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years and any counterpetition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition."

All further section references shall be to the Labor Code unless otherwise indicated.

has access by subpoenas through the Board regarding medical records of applicant's treatment; and Employer's petition to reopen is "completely without a showing of good cause" and "should be summarily denied" since Employer has access to applicant's medical records and can interpret therefrom whether the disability award should be reduced.

Thus, the sole issue framed by the specific allegations of the respective pleadings was whether permanent disability should be reduced as claimed by Employer or whether the petition "to reduce" should be summarily denied for lack of good cause as claimed by applicant.

In October 1980 Dr. Moriarty, reporting for Employer, opined that applicant's condition had worsened rather than improved. Subsequently, on January 25, 1982, Employer sent a letter to the WCJ requesting that its petition to reopen be withdrawn. Applicant's attorney then sent a letter to the WCJ on February 2, 1982, noting that the medical reports supported an increase in permanent disability, and for the first time indicated that he sought to increase the 96¾ percent permanent disability award, notwithstanding his specific pleading that there was no good cause to change the permanent disability award, and despite his never having filed a petition to reopen or a section 5804 counterpetition within the jurisdictional time limitation therefor.

By letter in September 1983 WCJ Licker advised applicant's attorney that nothing further could be done in the matter since applicant had not filed a petition to reopen. Subsequently, however, WCJ Licker retired and the matter was assigned to WCJ Kahn.

On October 18, 1984, WCJ Kahn granted the petition to reopen and awarded applicant increased permanent disability from 96¾ percent to 100 percent, concluding that *Employer's petition* to reopen to reduce permanent disability, filed within five years of the injury, conferred jurisdiction on the Board to increase the disability.

In his report on reconsideration the WCJ acknowledges applicant's failure to file a section 5804 counterpetition raising a new issue of increased permanent disability; but nevertheless, applying the rule of liberal construction in favor of the applicant, the WCJ concluded that Employer's petition to reopen conferred jurisdiction "over the issue of permanent disability be it up or down . . . ."

The Board, in a two-to-one decision, granted reconsideration, rescinded the WCJ's findings and award, and denied the petition to reopen.

In its decision the Board first noted that, as all parties agree, the Board had no jurisdiction under section 5410 since applicant did not file a petition to reopen within five years of the date of injury; nor did the Board reopen on its own motion within five years thereof. Therefore, the only possible basis for Board jurisdiction to increase the disability award was pursuant to section 5804; and since applicant did not file the required counterpetition raising the new issue of increased disability, the Board had no jurisdiction under section 5804 to increase the award. In reaching that conclusion, the Board noted that both the title and allegations of Employer's petition sought reopening to reduce the award, and although the prayer was to "redetermine the permanent disability of the applicant as it presently exists," the actual relief sought in the petition was reduction of the disability award.

Applicant's ensuing petition for reconsideration of the Board's above decision rescinding the WCJ's findings was denied (in another two-to-one decision). In its accompanying opinion the Board majority concluded that applicant's reliance on *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324 [90 Cal.Rptr. 431, 475 P.2d 663] was misplaced, since *Bland* was factually distinguishable from the instant case.

## DISCUSSION

■ Section 5803 empowers the Board to diminish, increase or terminate disability awards "within the limits prescribed by this division." As previously stated (fn. 1, *ante*), section 5804, which is included in this division, prescribes a five-year limitation period from the date of the injury for the filing of a petition and a thirty-day period thereafter for filing by the adverse party of a counterpetition raising issues in addition to those raised in the petition. These time limitations are jurisdictional. (Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 12.7, p. 452; see *Broadway-Locust Co.* v. *Ind. Acc. Com.* (1949) 92 Cal.App.2d 287, 290 [206 P.2d 856].)

■ Here, the only "counterpetition" filed by applicant within 30 days after Employer's petition to reopen consisted of his "answer" alleging that there was no good cause for Employer's petition and thus it should be summarily denied. Applicant did not allege that his condition had worsened, or seek an increase in the disability award, or raise any issue in addition to the reduction issue raised in Employer's petition. As thus framed by the allegations of the parties in their pleadings, the sole issue was whether the permanent disability should be reduced or unchanged. The phrase, "redetermination of the permanent disability . . . as it presently exists," appearing in the prayer of Employer's petition to reopen, could not fairly be utilized to expand the jurisdiction issue, since the issue was framed by the

allegations of the parties, not by the prayer. (*Stoney Creek Orchards* v. *State of California* (1970) 12 Cal.App.3d 903, 907-908 [91 Cal.Rptr. 139].)

Consequently, as the Board correctly determined, applicant's belated request to increase disability, made more than six years after the injury and more than a year after the Employer's petition to reopen, did not come within the express provisions of section 5804. ■ The rule that limitation provisions in the Labor Code must be liberally construed in favor of employees (§ 3202) cannot properly be invoked where "otherwise compelled by the language of the statute." (*Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 9 Cal.3d 848, 852 [109 Cal.Rptr. 211, 512 P.2d 843]; see *Sprague* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 414, 417-418 [296 P.2d 548].) The language of section 5804 clearly requires that an adverse party seeking other relief file within 30 days of the petition to reopen a counterpetition raising issues in addition to those raised in the original petition. To permit applicant to file a counterpetition, or answer, or other pleading within the 30-day time limit of section 5804 alleging only that the petition to reopen is "completely without good cause" and should be "summarily denied," and then more than a year later seek to raise a new issue of good cause to reopen, would render the express limitation provisions of section 5804 meaningless. (Cf. *Royster* v. *Workmen's Comp. Appeals Bd.* (1974) 40 Cal.App.3d 412, 414 [115 Cal.Rptr. 210].)

*Bland* v. *Workmen's Comp. App. Bd.*, *supra*, 3 Cal.3d 324, relied upon by applicant herein, is factually distinguishable from the instant case. In *Bland*, the applicant himself, seeking increased disability, filed a timely petition under section 5804, broadly claiming the relief sought but defectively alleging increase in temporary disability. In context both applicant's petition and its prayer necessarily sought temporary disability relief. The court, noting the legislative mandate permitting informality of pleading in workers' compensation cases (*id.*, at p. 330), allowed amendment of the claimant's technically defective petition to reopen in order to preserve the Board's jurisdiction over applicant's petition under section 5804. Here, on the other hand, applicant never filed within the five-year jurisdictional limitation a petition under section 5410 or section 5804, or a timely counterpetition under section 5804, or any claim for relief; and the only timely pleading filed by him specifically claimed no basis to change the existing permanent disability. Absent a timely petition or section 5804 counterpetition by applicant seeking increased permanent disability, the WCJ erroneously expanded jurisdiction to increase permanent disability, as the Board majority correctly concluded.

■ Respondent Board now asserts, for the first time, as an additional justification for its decision, that applicant did not show good cause to re-

open to increase the original 96¾ percent disability to 100 percent since the evidence upon which the original 96¾ percent award was based included medical evidence that applicant was totally (100 percent) disabled; the WCJ determined that such evidence was not persuasive; applicant could have challenged the WCJ's failure to find total disability by petition for reconsideration of that award, but chose not to do so; and the award became final. Thus, according to the Board's new assertion, the evidence of total disability could have been, and was in fact, discovered and produced at the original hearing, and good cause to reopen does not consist of medical evidence obtained subsequent to the original decision which merely disagrees with the medical opinion relied upon by the Board at the time of the original decision, nor does it permit an attempt to simply relitigate the original award. (*Nicky Blair's Restaurant* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 941, 956 [167 Cal.Rptr. 516]; Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 10.2, pp. 351-352; § 12.11, p. 454.)

The Board's new assertion overlooks the fact that no such claim was raised in the petition for reconsideration.[2] Moreover, although the Board did, of course, make the required ultimate finding of no good cause to reopen, the Board did not discuss lack of newly discovered evidence as a basis for its decision, rather relying on the jurisdictional issue only. Thus, the Board's assertion is not properly before this court. (§ 5904; Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 10.16, pp. 360, 361.)[3]

The Board did not err in denying the petition to reopen.

### DISPOSITION

The March 18, 1985, order of respondent Workers' Compensation Appeals Board denying reconsideration of its January 3, 1985, decision after reconsideration is affirmed.

Hastings, J., concurred.

**ASHBY, Acting P. J.**—I respectfully dissent. In its petition, respondent[1] asked the board to "redetermine the permanent disability of the applicant as it presently exists." The fact that respondent hoped and believed that the

---

[2] As noted in the WCJ's report on reconsideration, the jurisdictional issue was the sole issue raised in the petition for reconsideration.

[3] There was evidence in the present proceeding that medical examinations after the date of the 96¾ percent award indicate applicant's cardiac and psychiatric conditions had deteriorated.

[1] Refers to defendant employer.

evidence would justify a reduction does not make a reduction one issue and an increase an additional issue.

If a hearing to "redetermine the permanent disability as it presently exists" involves two separate issues (1) should there be a reduction or (2) should there be an increase, then the majority opinion is correct and petitioner was required to raise the increase issue as an additional issue pursuant to section 5804.[2] I see the issue before the workers' compensation judge as the single issue: What is the presently existing permanent disability? Based on the evidence it could be either higher or lower than the initial level. The workers' compensation judge found the presently existing permanent disability to be 100 percent and the evidence supports that finding.

Respondent wanted petitioner's permanent disability redetermined "as it presently exists." That is what respondent asked for and that is what it got. Petitioner did not raise an issue in addition to the original issue, thus petitioner is not required to comply with section 5804.

I would reverse the order of the Workers' Compensation Appeals Board.

---

[2]This case is not analogous to a redetermination of spousal support in a domestic relations case. In that situation there are two issues: (1) the husband's ability to pay and (2) the wife's need. A more accurate analogy is a redetermination of fair market value of property in an equalization hearing. There the issue is what is the present fair market value not two issues: (1) should the value be raised or (2) should the value be lowered.