[Civ. No. 9033.   Third Dist.   Nov. 28, 1956.]

CHARLES RAY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WILLIAM CHARLES WOLGA-MOTT, Respondents.

Manwell & Manwell and James G. Changaris for Petitioner.

Donald E. Huckins, Everett A. Corten and Daniel C. Murphy for Respondents.

PEEK, J.—Petitioner seeks review of an award of the Industrial Accident Commission granting respondent-employee Wolgamott additional compensation by reason of the alleged serious and willful misconduct of the petitioner-employer under the provisions of Labor Code, section 4553.

The facts show that on February 16, 1954, Wolgamott, while operating an unguarded table saw sustained an injury admittedly arising out of and in the course of his employment. On January 31, 1955, after negotiation with the respondent insurance carrier, Wolgamott entered into a ''Compromise and Release'' of claim for the sum of $4,320 which was the exact amount of the advisory disability rating of 36 per cent previously given by the Permanent Disability Rating Bureau. The agreement which was on a form supplied by the Commission provided in part as follows:

''Upon approval of this Compromise agreement by the Industrial Accident Commission and payment in accordance with the provisions hereof, said applicant releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury . . .''

The agreement was not signed by the petitioner but only by Wolgamott and Fireman's Fund, petitioner's insurance carrier, and was not attested to by two disinterested witnesses or a notary public as required by Labor Code, section 5003, however, no question in that regard was raised before the commission.

On February 10, 1955, prior to the approval of the compromise agreement by the commission, Wolgamott filed an application for increased compensation under the provisions of section 4553 of the Labor Code. On February 17, 1955, pursuant to a referee's recommendation, the compromise agreement was approved by the commission and filed. On March 1, 1955, Wolgamott filed an amended application for hearing wherein he specifically charged the violation of safety orders of the Department of Industrial Relations requiring the maintenance of a hood over a circular saw. The answer of the employer (1) denied the allegations of misconduct, (2)

affirmatively alleged the application was barred by the provisions of section 5407 of the Labor Code and (3) pleaded the compromise and release in bar. The commission found against the employer over his first affirmative defense based on section 5407, but made no finding on his second affirmative defense and concluded that the injury was caused by the serious and willful misconduct of the employer and awarded additional compensation. A petition for reconsideration was granted, but after further consideration the decision was affirmed.

It is now contended by the petitioner (1) that the claim was barred by the written "Compromise and Release," (2) that the claim is barred by the statute of limitations, and (3) that the charge of misconduct was neither properly pleaded nor supported by the evidence.

Petitioner's argument in support of his first contention is predicated primarily upon the release provisions contained in Civil Code, sections 1541 and 1542, and upon the alleged failure of the commission to find specifically on the issue so raised. Neither petitioner nor the Industrial Accident Commission has referred this court to any California decision. However, we find that one California case, *Peterson* v. *Industrial Acc. Com.*, 81 Cal.App.2d 352 [183 P.2d 927], has noted to a degree the difference between the procedures relative to the two types of benefits, and that courts in other jurisdictions, namely Massachusetts and Nebraska, have had the question squarely presented. In the Peterson case the court noted that while one may claim both ordinary compensation and compensation arising out of willful misconduct in the same proceeding, nevertheless the language of section 5407 indicates an intention that ". . . some definite step, other and different from the filing of a general application, must be taken to raise an issue of willful misconduct . . ." This distinction is further amplified by the fact that under the terms of section 3700, compensation for ordinary benefits is compulsory while under the provisions of section 11661 of the Insurance Code, insurance covering willful misconduct liability cannot be legally written.

Although the cases from other jurisdictions arose under statutes different from those in this state, the rationale of the decisions appears to be substantially the same and equally applicable here; that the insurance carrier can only be interested in that portion of the coverage in which it is directly liable, and this could not include compensation for serious or willful

misconduct for which it could not insure. (See *Mercer-Fraser Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 102, 108 [251 P.2d 955].) Hence the insurance carrier could not bargain for the release of the employer from such additional compensation, and any attempt to include him therein would be void.

■ The legislative intent in adopting statutes allowing increased awards where the employer is found to have violated some safety measure is to induce safety measures and methods in industrial employment, and as our courts have held, is in the nature of a penalty. (*Mercer-Fraser Co.* v. *Industrial Acc. Com., supra.*) Thus in the case of *R. J. Wilson Co.* v. *Industrial Com.*, 219 Wis. 463 [263 N.W. 204, 208], where, as in the present case, a compromise agreement was entered into solely between the insurance carrier and the employee, the court held: ''It would be contrary to public policy to construe the compromise agreement in the instant case as relieving the employer from statutory liability for payment of increased compensation.''

■ We therefore conclude that any compensation which may accrue by reason of the serious and willful misconduct of an employer under section 4553 is clearly separate and distinct from the ordinary compensation benefits provided for under section 3700, and that the ''Compromise and Release'' agreement between the insurance carrier and the employee covering the ordinary compensation benefits could not defeat the employee's claim for additional benefits predicated upon the serious and willful misconduct of the employer.

■ From what has been said concerning petitioner's first contention, it follows that any finding on this issue must necessarily have been adverse to petitioner, and therefore the failure of the commission to specifically find thereon is immaterial. (24 Cal.Jur., § 188, p. 944.)

It is further contended by the petitioner that the application for increased benefits failed to allege with particularity the facts upon which the claim was founded as provided by rule 10700 of the Administrative Code; that the amended pleading setting forth such detail was not filed until March 1, 1955, or more than one year after the occurrence of the injury; and that therefore the application and claim for increased compensation was barred by the statute of limitations, in other words that the amended application did not relate back to the original application. ■ An action is commenced when the complaint is filed (Code Civ. Proc., § 350), and this is true even though the complaint is irregular. ■ While it is true that

under said rule 10700, all pleadings alleging an injury by reason of serious and willful misconduct must set out in sufficient detail the specific basis upon which the charge is founded so that the adverse party and the commission may be fully advised as to the true basis of the claim, it is also true as noted therein that failure to comply with the section is merely grounds for a "continuance." Necessarily therefore such failure is not jurisdictional. ▆ The applicant, by the amended application, did not attempt to state a new cause against the employer but merely set forth in detail the facts required by rule 10700 and therefore, being merely in amplification of the original application, it is deemed to have been filed as of the date of the original application. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].) ▆ Although the commission may adopt reasonable rules of practice and procedure, it cannot restrict the time prescribed by the Legislature for the filing of claims. (*Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564, 585 [203 P.2d 758].)

Since we have concluded that the claim was not barred by the statute and that the compromise agreement between the employee and the carrier did not bar the present proceeding, it remains to be determined whether or not the serious and willful misconduct of the employer was properly pleaded, and whether or not the record discloses sufficient evidence to support the conclusion of willful misconduct.

▆ The amended application alleges that the employer maintained a circular saw upon a manual feed table without a guard as provided in the general safety orders of the Department of Industrial Relations; that the employer had been warned of the danger but that the employer, knowing the danger, refused to remedy the dangerous condition. Certainly such allegations were sufficient to advise the employer and the commission as to the basis of the claim. (Adm. Code, rule 10700.)

▆ The evidence in support of the application shows that prior to the accident the employer had been notified of the dangerous condition of the saw and that it ought to have a guard; that the employer specifically admitted that the saw, in its then condition, was dangerous; that he had knowledge of the safety statute; that the employer's foreman, 30 days prior to the accident, had discussed with him the matter of placing a guard on the saw; that the employer had stated he would do so as soon as possible; and that the foreman had

started to make such a guard but had been told by the employer to let it go for the time being. There was further testimony that others had been injured by the saw but less severely than the applicant herein. Under such facts and circumstances we cannot say that the commission's finding that the injury was caused by the serious and willful misconduct of the employer was not sustained by the evidence. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.,* 209 Cal. 412 [288 P. 66].)

The award is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.