[S.F. No. 22998. In Bank. Aug. 2, 1973.]

ZURICH INSURANCE COMPANY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
ORLANDO M. CAIRO, Respondents.

**COUNSEL**

Sedgwick, Detert, Moran & Arnold and C. Gordon Taylor for Petitioner.

Franklin O. Grady, Marcel L. Gunther, Sheldon C. St. Clair, Charles P. Scully and Lowell A. Airola for Respondents.

## OPINION

**McCOMB, J.**—Petitioner seeks review of a decision of the Workmen's Compensation Appeals Board (hereinafter referred to as "the board"), after reconsideration, in which the board made awards for new and further permanent disability.

The applicant, while employed by Macy's Department Store as a laborer or warehouseman, sustained a compensable injury to his low back on March 1, 1966, while lifting heavy bedding and furniture at the employer's warehouse in San Bruno, California. He was provided compensation benefits through May 1, 1966, and resumed work at the warehouse on approximately that date. On June 14, 1966, the applicant sustained a second injury, described as "while working, lifted heavy pieces of furniture, felt severe pain in upper part of back." Medical treatment for the second injury was provided, including hospitalization from August 31, 1966, to September 8, 1966. The applicant filed applications for benefits for the injuries of March 1 and June 14, 1966 (cases 66 SF 215-321 and 66 SF 216-220). Thereafter, on March 1, 1968, following alleged incidents of injuries at work for the same employer on February 12 and February 14, 1968, he was discharged.

On May 27, 1968, findings and award issued in each case covering the March 1 and June 14, 1966, injuries, each injury having been found to have caused permanent disability of 6½ percent after apportionment. Following grant of reconsideration, the referee's decision was amended to allow continuing medical treatment for each injury.

On April 28, 1969, the applicant filed an application alleging injury on February 12, 1968 (case 69 SF 225-551). Petitioner and the employer responded by filing a petition to terminate liability for medical treatment in cases 66 215-321 and 66 216-220. Issues in all three cases were framed at a hearing on January 21, 1970, and all three were ordered off calendar pending agreed or independent medical evaluation.

At a hearing on May 18, 1970, the record was supplemented by a report of Dr. Frank W. Lusignan, an agreed medical examiner, and reports of two psychiatric examiners, Dr. Percy P. Poliak for the applicant and Dr. Willard H. Pennell for petitioner and the employer, as well as the applicant's testimony and the testimony of Dr. P. A. Lindstrom in his behalf.

In companion case 69 225-551, covering the alleged injury of February 12, 1968, a report of permanent disability was filed and served on July

17, 1970, reflecting the Rating Bureau's assessment of permanent disability attributable to the injury of February 12, 1968, as described by the referee, to be 50¾ percent.

On December 7, 1970, in cases 66 215-321 and 66 216-220, the referee issued notice of intention to increase compensation awarded, on the ground that disability indemnified by the prior awards had increased. The notice provided that in the absence of good cause shown to the contrary, served and filed within 10 days following service of the notice, supplementary award would issue finding that each of the injuries of March 1, 1966, and June 14, 1966, had caused new and further permanent disability, and that the total amount of residual permanent disability attributable to each was 33½ percent. By letter dated December 14, 1970, counsel for petitioner filed written objection in response to the notice of intention. The objection was in the form of argument, and no further proceedings were requested.

On July 19, 1971, which was about five years and one month after the last of the two injuries, the referee issued supplemental findings and awards, finding, among other things, that the injuries of March 1 and June 14, 1966, had caused new and further permanent disability to that indemnified by the prior findings and awards, ratable at 33½ percent for each injury. At the same time, the referee issued a take nothing order in case 69 225-551, based on a finding that the action was barred by the one-year statute of limitations. (Lab. Code, § 5405.)

Petitioner thereafter petitioned in cases 66 215-321 and 66 216-220 for reconsideration, which was granted; and on January 17, 1972, which was more than five and a half years after the last injury, the board issued its decision affirming the supplemental findings and awards.

*Questions.* First. *Did the board have the power to amend its awards more than five years after the injuries occurred?*

*Yes.* Petitioner contends that the board had no power to amend the awards, because no party in interest had, within the five-year limitation period prescribed by the Labor Code, filed a petition requesting such action.

Section 5410 of the Labor Code provides: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in such cases shall be a

continuing jurisdiction at all times within such period." ▮ And section 5804 of the Labor Code provides: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years. . . ."

Admittedly, no petition for the increased awards was filed by a "party in interest." The referee's notice, however, which was filed on December 7, 1970, well within the five-year period, specified not only the ground for relief, but the relief to be considered; and the absence of a petition by the applicant cannot in any way have prejudiced petitioner. The applicant, on the other hand, could reasonably have been lulled by the referee's action into thinking that there was no necessity for him to file a petition; and the time for him to have filed would not have expired until March 1, 1971, in one case and June 14, 1971, in the other.

In *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.,* 2 Cal.3d 56, 65 [84 Cal.Rptr. 140, 465 P.2d 28], this court reiterated the doctrine that limitation provisions in the Labor Code must be liberally construed in favor of employees unless otherwise compelled by the language of the statute. (Lab. Code, § 3202; *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 569, 577 [4] [68 Cal.Rptr. 164, 440 P.2d 236].) Applying such doctrine, the Court of Appeal recently held that a letter written by a doctor at an employee's request, stating that an award was insufficient in view of the injury, could be regarded as the institution of proceedings by a party in interest under section 5410 or as a "petition by a party in interest" within the meaning of section 5804. (*Beaida* v. *Workmen's Comp. App. Bd.,* 263 Cal.App.2d 204, 208-210 [69 Cal.Rptr. 516].) An analogous situation exists here.

Under the circumstances, the referee's notice should be treated as a petition to reopen under the provisions of the Labor Code hereinabove referred to. As a result, the board had the power to amend the awards at the time it did so.

Second. *Was the applicant's disability properly rated?*

*Yes.* ▮ The referee in his opinion on decisions stated, among other things, in describing the applicant's disability: "In finding that the injuries of March 1, 1966 and June 16 [*sic*], 1966 caused new and further permanent disability such as to limit applicant to semi-sedentary work, I am persuaded by the views expressed by Dr. Poliak. He says, in substance, that although there may be no organic reasons for applicant's subjective

complaints, those complaints are nonetheless reasonably attributable to the work incidents of March 1 and June 14, 1966; that these incidents initiated 'the disabling psychoneurotic condition which is now in evidence.' "

Petitioner argues that, as a result, the referee should have used the rating formula applicable to disability in the form of neurosis. The referee, however, further stated in his report: "Residual permanent disability in this case is in the form of a neurotic reaction to work injury which is manifested by disabling back and leg pain. *It is the pain which disables this former warehouseman; not the neurosis which is the explanation therefor.*" (Italics added.) Accordingly, no showing has been made that the formula used by the board was not proper.

Third. *Is there substantial evidence to support the board's finding that each of the 1966 injuries caused new and further disability?*

*Yes.* ▇ As pointed out in the referee's report, neither the March 1, 1966, nor the June 14, 1966, incident can be considered to have caused *orthopedic* disability in excess of that indemnified by the awards of May 27, 1968; but Dr. Poliak's report, hereinabove referred to, indicates that those work incidents initiated the disabling psychoneurotic condition which later developed. This condition could reasonably be found to constitute new and further disability, manifested by disabling back and leg pain.

Under this court's holding in *Garza* v. *Workmen's Comp. App. Bd.,* 3 Cal.3d 312, 319 [90 Cal.Rptr. 355, 475 P.2d 451], findings of the referee are entitled to great weight; and factual determinations of the board must be upheld if, based on the entire record, such findings are supported by substantial evidence. (*LeVesque* v. *Workmen's Comp. App. Bd.,* 1 Cal.3d 627, 637(3) [83 Cal.Rptr. 208, 463 P.2d 432].)

The board, incidentally, concluded that no part of the applicant's present disability was attributable to the incident of February 12, 1968. The amount awarded in the cases relating to the 1966 incidents was the amount specified in the notice of intention issued by the referee on December 7, 1970 (that is, 33½ percent in each case); and nothing was awarded for the February 12, 1968, incident, which had been found to be barred by the statute of limitations.

The decision of the board is affirmed.

Mosk, J., Burke, J., and Clark, J., concurred.

**SULLIVAN, J.**—I concur but I think something more should be said about the first issue presented to us.

The majority appear to take the position that even though applicant failed to file a petition seeking additional compensation, the Workmen's Compensation Appeals Board (Board) had the power to make an award under either section 5410 or section 5804 of the Labor Code.[1] However, as will appear *infra,* the supplemental award of compensation was made on the basis of a new and further disability under section 5410, and not under sections 5803 and 5804. These two supplementary proceedings—the former (§ 5410) involving the Board's continuing jurisdiction to award compensation for new and further disability caused by the original injury and the latter (§§ 5803 and 5804) involving its continuing jurisdiction over its award so as to permit it to increase, diminish or terminate any compensation—while similar in many respects, nevertheless, as I shall explain, are conceptually and historically distinct.

The power to adjudicate claims for new and further disability, stated in section 5410, is found in chapter 2 of part 4 of division 4 of the Labor Code, entitled "Limitations of Proceedings." The section, in creating a continuing jurisdiction of the Board to make awards for new and further disability caused by an earlier industrial injury, makes inapplicable other provisions in the chapter stating limitations on the right to recover compensation under the workmen's compensation laws. It provides in part: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in such cases shall be a continuing jurisdiction at all times within such period."

On the other hand, the power to reopen a proceeding prescribed in sections 5803 and 5804 is found in chapter 6 of part 4 of division 4 entitled "Findings and Awards." These sections together with section 5805 define the power of the Board to rescind, alter or amend previous awards of compensation where "good cause" is shown. (§ 5803; see also 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1972) § 9.02.) Section 5803 invests the Board with "continuing jurisdiction over all its orders, decisions and awards made and entered" under the workmen's compensation laws. It provides further that "[a]t any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order,

---

[1]Hereafter, unless otherwise indicated, all section references are to the Labor Code.

decision, or award, good cause appearing therefor. [¶] Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated." Section 5804, in limiting the continuing jurisdiction of the Board described in the previous section, states in part: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

These two forms of supplementary proceedings, although similar in some respects, are not without differences. (See 1 Hanna, *op. cit. supra*, § 9.02[1][d].) Both section 5410 and sections 5803 and 5804 create a continuing jurisdiction in the Board and have parallel time limitations of five years. Each also involves the power of the Board to change the extent of compensation for an industrial injury. On the other hand, the basis for making a claim under section 5410 is a "new and further disability" caused by a previous industrial injury. Although not defined by statute, the plain meaning of the statute requires that the subsequent injury be both new and further. (See *Westvaco etc. Corp.* v. *Ind. Acc. Com.* (1955) 136 Cal. App.2d 60, 67-68 [288 P.2d 300]; see also 1 Hanna, *op. cit. supra*, § 9.03[2].) Assuming that such a claim has merit, it is obvious that a new and further disability will invariably result in an increase in compensation. By contrast, the basis for action under section 5803 to "rescind, alter, or amend" an award is "good cause" which apparently is present where "the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated." A proceeding under section 5803 may then result in an increased or decreased award or its termination.

Other differences are apparent. Under section 5410, only the "injured employee" may "institute proceedings"; a section 5803 proceeding may be initiated by any "part[y] in interest" filing a petition.[2] Moreover, a section 5803 proceeding is always preceded by a prior award of compensation since, under the obvious meaning of the section, its purpose is to rescind, alter or amend an award of compensation. A section 5410 proceeding, by contrast, is not necessarily—although it may be—preceded by an award of compensation. (See 1 Hanna, *op. cit. supra*, § 9.03[3].) A prerequisite

---

[2]The functional difference between "institut[ing] proceedings" (§ 5410) and filing a petition (§ 5804) is unclear; however, the board has prescribed rules requiring the filing of a petition in both cases. (1 Hanna, *op. cit. supra*, §§ 9.01[1], 9.03[5].)

of an award under section 5410 is either a prior award or a voluntary furnishing of benefits. (*Ibid.;* see also *Broadway-Locust Co.* v. *Ind. Acc. Com.* (1949) 92 Cal.App.2d 287, 290 [206 P.2d 856].)

In summary, "[s]ections 5410 and 5803 read together cover the entire subject of the continuing jurisdiction of the commission to award compensation for a new disability resulting from the original injury or for an increase of the disability for which compensation has been awarded or paid voluntarily. Section 5410 relates to new and further disability resulting from the original injury; section 5803 relates to disability that has either recurred, increased, diminished or terminated. Any claim of disability for which benefits are sought in addition to those previously awarded or paid voluntarily would necessarily fall within one section or the other. . . . If the disability for which increased compensation is sought is a new and further disability the jurisdiction of the commission is extended, and is also limited, by section 5410 to proceedings instituted within 245 weeks [now five years] from the date of the injury. If it is one that has recurred or increased the jurisdiction retained in the commission by section 5803 to rescind, alter or amend the former order, decision or award, is limited by section 5804 [now requiring that a petition be filed within five years from the date of the injury]." (*Broadway-Locust Co.* v. *Ind. Acc. Com., supra,* 92 Cal.App.2d 287, 290.)

The distinct character of the two proceedings has been demonstrated in cases involving section 5804 in its form prior to the 1963 amendment. Section 5804, in its present form, has a parallel time limitation to section 5410 (*Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204, 208 [69 Cal.Rptr. 516]); that is, so long as a petition is filed under sections 5803 and 5804 or proceedings are instituted under section 5410 within five years from the date of injury, the claim is not barred even if the board makes the new order after the expiration of the five-year period. However, section 5804, in its form prior to the 1963 amendment, stated in part, "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury . . . ." This language was interpreted to mean that, unlike a section 5410 proceeding, the Board was without power to act under its continuing jurisdiction created by section 5803, unless its subsequent order was *actually made within* the five-year limitation. (See *Sutton* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 791, 795-796 [298 P.2d 857]; *Al Gene Sportswear* v. *Ind. Acc. Com.* (1961) 196 Cal.App.2d 709, 712 [16 Cal.Rptr. 760]; *Westvaco etc. Corp.* v. *Ind. Acc. Com., supra,* 136 Cal.App.2d 60, 63; *Broadway-Locust Co.* v. *Ind. Acc. Com., supra,* 92 Cal.App.2d 287, 294.)

The importance of this difference in time limitations was expressed in *Al Gene Sportswear, supra.* There, the employee suffered an industrial injury and, within five years thereafter, filed a document styled as a "Petition to Reopen," alleging that the disability had "recurred" and that there was a "return of pain." The commission (now the Board), acting *after* the five-year period, found that there was a new and further disability and increased the original award under the authority of section 5410. On review the Court of Appeal annulled the order on the grounds (1) that the petition could not reasonably be construed as initiating a proceeding under section 5410 for new and further disability; and (2) that the award was not valid under section 5804 because it was made more than five years after the date of the injury. (*Id.* at p. 713.) The former difference in time limitations is not of mere historical interest; it also expresses the distinct characteristics of the two supplementary proceedings.

The broader grant of continuing jurisdiction under sections 5803 and 5804 might appear to encompass in all situations, except where there has been no prior award, the narrower grant of continuing jurisdiction under section 5410. However, a review of the applicable statutory provisions, one commentator states, leads to a contrary conclusion: "Although long the subject of misunderstanding and controversial litigation, it is now clear that Labor Code section 5410, and not Section 5804, controls the Appeals Board's continuing jurisdiction over new and further disability claims. Section 5410, by its terms, is expressly made paramount to the other sections of the statute of limitations, including Section 5404. Hence, the provision of the latter section that Sections 5803-5805 shall control the right to present further claims after the timely filing of an application, does not apply to supplemental new and further disability claims. The latter are governed by Section 5410, despite the fact that the period within which the Board must act under Sections 5803 and 5804 is applicable to all other supplemental claims." (1 Hanna, *op.` cit. supra,* § 9.03[4], pp. 9-23, 9-24, fns. omitted; see also *Broadway-Locust Co. v. Ind. Acc. Com., supra,* 92 Cal.App.2d 287, 292-293.)

In the case at bench, the referee gave notice to the parties of his intention to increase compensation because the original injuries suffered on March 1, 1966, and June 14, 1966, "caused new and further disability." A supplemental award was made for each original injury on the basis that each caused new and further disability.[3] Although the claimant himself did not file a petition for new and further disability, I agree with the

---

[3]The first finding of fact in each award stated: "1. The injury of March 1, 1966 [and June 14, 1966] caused new and further permanent disability to that indemnified by the Findings and Award filed and served herein on May 27, 1968."

majority that the notice was sufficient to "institute proceedings" under section 5410 despite an apparent contrary rule of the Board. (See fn. 2, *ante*.) Assuming that failure to file a petition did constitute noncompliance with the Board's rules, I cannot see that it prejudiced the rights of the other parties in any way (see *Beaida* v. *Workmen's Comp. App. Bd., supra,* 263 Cal.App.2d 204, 208-210); therefore, the procedural defect, if any, was inconsequential.

In summary, I am of the opinion that the claim was presented as one for new and further disability under section 5410 and the award of compensation was made on that basis. Therefore I would hold that since the referee gave adequate notice to all parties that the issue of new and further disability was to be decided, the failure of the claimant himself to file a petition is not a bar to an award for such new and further disability.

Wright, C. J., and Tobriner, J., concurred.