[Civ. No. 15328. Fourth Dist., Div. Two. Dec. 9, 1975.]

GEORGE M. BLANCHARD, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DEPARTMENT OF CORRECTIONS et al., Respondents.

**COUNSEL**

William D. Heekin for Petitioner.

Charles L. Swezey, Frank H. Batlin, Thomas J. McBirnie, Philip M. Miyamoto, T. Groezinger, James J. Vonk, George S. Bjornsen and Robert A. La Porta for Respondents.

## OPINION

KAUFMAN, J.—Petitioner (hereinafter "Applicant") seeks review of an order of the Workers' Compensation Appeals Board (hereinafter "Board") entitled "Opinion and Order Granting Reconsideration and Decision after Reconsideration," dated May 30, 1975, in case 69 POM 15410.

### Pertinent Facts

Applicant was employed as a corrections counselor by the Department of Corrections, State of California, from November 19, 1962, to May 26, 1969. During that period Applicant sustained compensable industrial injuries to his heart and circulatory system culminating in an acute myocardial infarction on May 26, 1969. On July 21, 1970, Applicant was awarded permanent disability benefits based on a disability rating of 30½ percent. He was also awarded further medical treatment for the heart and circulatory injuries.

On May 13, 1974, approximately two weeks prior to the expiration of five years from the last date of his previous injury, Applicant filed a petition entitled "PETITION TO REOPEN FOR INCREASED DISABILITY BENEFITS." The petition reads in pertinent part as follows: ". . . applicant herein, in accordance with the provisions of Labor Code Sections 5804 [sic, 5803] and 5804 and McCoy v. W.C.A.B., 37 C.C.C. 98, petitions for increased disability benefits, and in support thereof alleges:

"・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・ ・

"Since the issuance of such Findings and Award [July 21, 1970], petitioner is informed and believes that there has been a change in the condition of applicant. Petitioner will file herein a medical evaluation report of applicant's condition in support of his petition herein at a later date."

No medical reports or other evidence of increased disability were appended to the petition or filed until several months after expiration of the five-year period (see Lab. Code, §§ 5410,[1] 5803,[2] 5804[3]).

On September 13, 1974, defendants filed a petition to dismiss Applicant's petition to reopen on grounds that Applicant had failed to submit any evidence in support of his petition to reopen within five years from the date of injury (May 26, 1969) and for lack of prosecution.

On October 3, 1974, Applicant filed his declaration of readiness to proceed, and on January 24, 1975, hearing was held at which several medical reports were introduced into evidence including a report dated September 26, 1974, from Dr. John F. Miley and a report dated January 2, 1975, from Dr. James H. Rankin. No useful purpose would be served in setting forth these reports at length. Suffice it to say they constitute ample evidence that, subsequent to his heart attack, Applicant suffered a moderately depressive reaction with a large anxiety component and that this additional disability was directly related to his work as a correctional officer and his heart condition.

On March 13, 1975, the trial judge issued an order granting Applicant's petition to reopen and awarding Applicant further medical treatment to cure or relieve from the additional injury to his psyche,

[1]Labor Code, section 5410 reads: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in Section 5407."

[2]Labor Code, section 5803 reads: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.

"Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated."

[3]Labor Code, section 5804 reads: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years and any counterpetition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition. Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the appeals board upon a petition to reopen shall not have the power to find that there was no employment."

which disability was determined to be not yet permanent. Applicant was also awarded medical-legal costs of $824.55.

On April 2, 1975, defendants filed a timely petition for reconsideration. On May 30, 1975, the Board, by a two-to-one majority, issued its opinion and order granting reconsideration and decision after reconsideration finding that Applicant did not show good cause for reopening under either Labor Code, section 5803 or 5410, and that Applicant's petition to reopen was fatally defective because it failed to set forth in detail the facts relied upon to establish good cause for reopening under Labor Code, section 5803 (Rules of Practice and Procedure, Cal. Admin. Code, tit. 8, § 10454[4]) or to set forth the facts relied upon to establish new and further disability under Labor Code, section 5410 (Cal. Admin. Code, Rules of Practice and Procedure, tit. 8, § 10458[5]).

### Discussion and Disposition

■ Without question, Applicant's petition to reopen failed to specify the facts relied on and was therefore technically insufficient under sections 10454 and 10458 of the Board's Rules of Practice and Procedure. (See fns. 4 and 5, *ante.*) The question remains whether a technically deficient petition to reopen filed within five years of the date of injury preserves the jurisdiction of the Board to receive evidence in support of the deficient petition and to reopen the case after the five-year period has elapsed. We hold it does.

In the first place, although the petition to reopen failed to specify the facts relied on, it could not have misled defendants. It was entitled "PETITION TO REOPEN FOR INCREASED DISABILITY BENEFITS" and indicated it was based on Labor Code, sections 5803 and 5804 and *McCoy v. Workmen's Comp. App. Bd.,* 37 Cal. Comp. Cases 98, an increased disability case involving a subsequently developed psychiatric disability. Informality in pleading characterizes workers' compensation proceedings. (*Bland* v. *Workmen's Comp. App. Bd.,* 3 Cal.3d 324, 330 [90 Cal.Rptr. 431, 475 P.2d 663] and authorities there cited.) When a

---

[4]Section 10454 reads: "Petitions invoking the continuing jurisdiction of the Appeals Board under Labor Code Section 5803 shall set forth specifically and in detail the facts relied upon to establish good cause for reopening."

[5]Section 10458 reads: "Jurisdiction of the Appeals Board under Labor Code Section 5410 shall be invoked:

"(a) Where no prior application has been filed, by the filing of an original application.

"(b) In all other cases by a petition setting forth specifically the facts relied upon to establish new and further disability."

worker's application or petition is insufficient no demurrer thereto is permitted; if a party is surprised or otherwise disadvantaged by the insufficiency of a pleading, the remedy is to grant that party a reasonable continuance to permit him adequately to prepare to present his case or defense. (Rules of Practice and Procedure, Cal. Admin. Code, tit. 8, § 10490.)

The Board is, of course, authorized to adopt reasonable and proper rules of practice and procedure. (Lab. Code, § 5307, subd. (a).) "Such rules of procedure serve the convenience of the tribunal and the litigant[s] and facilitate the proceedings. They do not deprive the tribunal of the power to dispense with compliance when the purposes of justice require it, particularly when the violation is formal and does not substantially prejudice the other party." (*Beaida* v. *Workmen's Comp. App. Bd.,* 263 Cal.App.2d 204, 210 [69 Cal.Rptr. 516].)

" 'Limitations provisions in the workmen's compensation law must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result in' a loss of compensation. [Citations omitted.]" (*Bland* v. *Workmen's Comp. App. Bd., supra,* 3 Cal.3d at pp. 330-331 [quoting from *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236]]; accord: *Beaida* v. *Workmen's Comp. App. Bd., supra,* 263 Cal.App.2d at p. 209.)

"The statute of limitations will not bar amendment of an application where the original application was timely and the amendment does not present a different legal theory or set of facts constituting a separate cause of action." (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 5.01 [2] [e].) In civil cases it is the rule that the statute of limitations will not bar an amendment to the complaint so long as the amendment does not introduce a wholly different cause of action. (*Frost* v. *Witter,* 132 Cal. 421, 424-425 [64 P. 705]; *Day* v. *Western Loan & Bldg. Co.,* 42 Cal.App.2d 226, 232 [108 P.2d 702]; accord: *Doolittle* v. *McConnell,* 178 Cal. 697, 701-704 [174 P. 305]; *Ruiz* v. *Santa Barbara Gas etc. Co.,* 164 Cal. 188, 194-195 [128 P. 330].) In a workers' compensation proceeding, in which much less formal rules of pleading are observed, the rules should be at least as liberal as in civil cases generally. (Cf. *Moyer* v. *Workmen's Comp. Appeals Bd.,* 24 Cal.App.3d 650, 656 [100 Cal.Rptr. 540].)

In concluding, we note that Applicant's petition to reopen was not amended to conform to proof. This omission is not fatal. "Although it

would have been better practice to have moved to amend to conform to proof, the failure to do so was a mere informality which does not invalidate the award. (Lab. Code, § 5709.)" (*National A. & C. Ins. Co.* v. *Ind. Acc. Com.*, 95 Cal.App.2d 10, 14 [212 P.2d 1]; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 5.01 [2] [e].)

The Board's opinion and order granting reconsideration and decision after reconsideration dated May 30, 1975, in case 69 POM 15410 is annulled and the case is remanded to the Board for further proceedings consistent with this opinion.

Tamura, Acting P. J., and McDaniel, J., concurred.