[Civ. No. 57036. Second Dist., Div. Five. Aug. 12, 1980.]

LIBERTY MUTUAL INSURANCE COMPANY, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and LEVON APRAHAMIAN, Respondents.

**COUNSEL**

Evans, Dalbey & Cumming and Barry F. Evans for Petitioner.

Richard W. Younkin, William B. Donohoe, Dexter W. Young, Allan Yannow, Leslie, Rubin & Canter and Robert S. Canter for Respondents.

OPINION

**STEPHENS, Acting P. J.**▉▉▉ Petitioner Liberty Mutual Insurance Company (Liberty) seeks review of the summary denial by respondent Workers' Compensation Appeals Board (Board) of Liberty's petition to reopen the workers' compensation award of respondent injured worker, Levon Aprahamian. We agree with Liberty that such summary denial was in error and accordingly annul the Board's decision.

SUMMARY OF APPEALS BOARD PROCEEDINGS

Aprahamian (hereinafter also applicant) on April 16, 1974, sustained injury to his spine arising out of and occurring in the course of his employment for Huck Manufacturing Company whose compensation insurance carrier is Liberty.

On August 12, 1976, the Board awarded applicant 78 percent permanent disability which is the sum of $31,167.50 payable at $70 per week for 445.25 weeks commencing February 24, 1975, and thereafter a life pension of $29.08 for the remainder of his life.

On April 16, 1979, Liberty filed a petition to reopen to reduce applicant's permanent disability award. (Lab. Code, §§ 5803, 5804.[1]) In its petition to reopen Liberty alleged applicant's "condition has changed since the Decision of August 12, 1976, in that his disability is substantially less than that found and awarded at that time...." In its petition to reopen Liberty neither offered specifics of its contention of decreased disability nor attached any documentary evidence. Liberty did state that it would "ask leave of the Board to offer medical evidence in support of this contention along with other evidence of a relevant and material nature."

---

[1]Labor Code section 5803 provides: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.

On April 18, 1979, applicant filed "Objections to Petition to Reopen and Motion to Dismiss." Citing *Polach* v. *American Smelting & Refining Co.* (1969) 34 Cal.Comp.Cases 511, and WCAB Rules of Practice and Procedure (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2) section 10454,[2] applicant moved that Liberty's petition be dismissed as it "fails to specifically set forth the nature and substance of the evidence, report or reports, or other matters upon which [Liberty] relies for showing of good cause, change in physical condition of the injured employee, or any other ground."

On April 24, 1979, and *without prior notice to Liberty*, the workers' compensation judge denied Liberty's petition to reopen on the grounds it had failed to present any evidence supporting its petition to reopen.

Liberty then sought reconsideration by the Board, asserting it had been denied the opportunity to present evidence on its petition to reopen. In its petition for reconsideration Liberty admitted it had presented no evidence to support its petition to reopen but stated: "Your petitioners have recently come upon evidence in support of its contention that there has been a change in the nature and extent of claimant's disability in the form of work activity which is contrary and inconsistent with the rating that previously issued and the finding based thereon which is supportive of the contentions set forth in its Petition to Reopen.... Specifically, claimant is now self-employed as the owner, operator and driver of a catering and/or vending truck. It is and will be the position of petitioners that the activity with reference to this self-employment reflects substantially less disability than that which was previously awarded."

---

"Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated."

Labor Code section 5804 provides: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years and any counterpetition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition. Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the appeals board upon a petition to reopen shall not have the power to find that there was no employment."

[2]WCAB Rules of Practice and Procedure (WCAB Rules) section 10454 provides: "Petitions invoking the continuing jurisdiction of the Appeals Board under Labor Code Section 5803 shall set forth specifically and in detail the facts relied upon to establish good cause for reopening."

The Board denied Liberty's petition for reconsideration and awarded applicant attorneys fees pursuant to Labor Code section 5410.1.

## DISCUSSION

The denial of Liberty's petition to reopen precludes it from ever attempting to reopen the case again. This is because a petition to reopen must be filed within five years of the date of injury and that period has now lapsed. (*Aliano* v. *Workers' Comp. Appeals Bd.* (1979) 100 Cal. App.3d 341, 365 [161 Cal.Rptr. 190]; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1980) § 9.02 [3].)[3]

The informality of pleadings in workers' compensation proceedings before the Board has been recognized. (*Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 9 Cal.3d 848, 852 [109 Cal.Rptr. 211, 512 P.2d 843]; *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 328-334 [90 Cal.Rptr. 431, 475 P.2d 663].) ▉ The courts have rejected pleading technicalities as grounds for depriving the Board of its continuing jurisdiction under Labor Code sections 5410,[4] 5803, 5804 and 5805[5] concerning petitions to reopen filed by the injured worker.[6]

---

[3]As Liberty's petition to reopen was filed *within* the five-year period, the Board could still render a decision on Liberty's petition after the five years had lapsed. (*Aliano, supra*, 100 Cal.App.3d at p. 365.)

[4]Labor Code section 5410 provides: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in Section 5407."

[5]Labor Code section 5805 provides: "Any order, decision, or award rescinding, altering or amending a prior order, decision, or award shall have the effect herein provided for original orders, decisions, and awards."

[6]"Section 5410 permits the reopening of a prior decision of the WCAB for 'new and further disability' upon the filing of a petition of the injured employee within five years of the date of injury. (*Nolan* v. *Workers' Comp. Appeals Bd.* (1977) 70 Cal.App.3d 122 [138 Cal.Rptr. 561]; see generally, 1 Hanna, *op. cit. supra*, §§ 9.01-9.03; 1 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) §§ 14.5-14.9; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) §§ 4.19, 12.4-12.14; Mastoris, *The Statutes of Limitation in Workers' Compensation Proceedings* (1979) 15 Cal. Western L.Rev. 32, 61-65, 67-74 (hereinafter Mastoris, *op. cit. supra*, 15 Cal. Western L.Rev. 32); see also, *Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 287, 290 [54 Cal.Rptr. 100, 419 P.2d 164], *Pizza Hut of San Diego, Inc.* v. *Workers' Comp. Appeal Bd.* (1978) 76 Cal.App.3d 818, 822 [143 Cal.Rptr. 131].) Sections 5803-5805 permit the reopening of a previously adjudicated case for 'good cause' upon a petition filed by a party in interest within five years from the date of injury. (1 Hanna, *op. cit. supra*, § 9.02; Mastoris, *op. cit. supra*, 15 Cal. Western L.Rev. at pp. 67-72.) (For a discussion of the similarities and differences between § 5410 and

(*Blanchard* v. *Workers' Comp. Appeals Bd.* (1975) 53 Cal.App.3d 590 [126 Cal.Rptr. 187]; *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204 [69 Cal.Rptr. 516].) If the injured worker's petition to reopen is timely filed within the five-year jurisdictional period, any lack of specificity therein may be later curable by amendment. (*Blanchard, supra*, 53 Cal.App.3d at pp. 594-595; *Beaida, supra*, 263 Cal.App.2d at pp. 208-210.) The language of an injured worker's petition to reopen is liberally construed. (*Bland, supra*, 3 Cal.3d 324.) Even the failure to attach medical reports to the petition to reopen is not fatal to an injured worker's petition. (*Blanchard, supra*.)

Respondents point out that the liberal pleading rules in favor of an injured worker's petition to reopen are based upon the rationale that Labor Code section 3202 requires liberal construction of the workers' compensation laws in order to extend protection to *injured employees*. (See *Blanchard, supra*, 53 Cal.App.3d 590; *Beaida, supra*, 263 Cal. App.2d at pp. 208-209.) Respondents thus urge that the Board's action is consistent with Labor Code section 3202, in that its summary denial of employers' and insurance carriers' skeletal petitions to reopen protects injured workers from groundless petitions to reopen. ▇▇▇ Respondents would thereby establish one rule of pleading for injured workers and another for employers and carriers.

In its brief the Board argues: "The Board is concerned that if it is reversible error to dismiss a petition filed in the form of [Liberty's] petition here, [employers/carriers] will be encouraged to file skeletal Petitions to Reopen shortly before the expiration of the 5 year period without having medical or other evidence to support their contentions. It may well be that [employers/carriers] will routinely file such petitions in the hope that such evidence can subsequently be obtained or that attorneys will feel compelled to routinely file such petitions merely to avoid the possibility of malpractice. The Board consequently believes that compliance with [WCAB] Rule 10454 is essential to insure the integrity of the reopening process."

Injured workers are already provided ample protection from frivolous petitions to reopen by employers and carriers. The filing by an employer or carrier of a petition to reopen to reduce a permanent disability award

§§ 5803-5805, see *Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 9 Cal.3d 848, 854-858 [109 Cal.Rptr. 211, 512 P.2d 843] (conc. opn. of Sullivan, J.); Mastoris, *op. cit. supra*, 15 Cal. Western L.Rev. at pp. 67-72; Cal. Workmen's Comp. Practice (Cont.Ed.Bar 1973) *supra*, § 12.8.)" (*Aliano, supra*, 100 Cal.App.3d at p. 365, fn. 15.)

does not permit the automatic unilateral termination of permanent disability payments. (*County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*King*) 104 Cal.App.3d 933 [168 Cal.Rptr. 789].) It is only until the Board actually grants the petition to reopen to reduce and modifies the award that the employer or carrier may discontinue or reduce payments in accord with the injured worker's reduced disability. (*King, supra.*) The employer or carrier is thus interested in proceeding diligently on its petition to reopen. If the employer or carrier is unsuccessful in reopening the case, a reasonable attorney's fee for the injured worker's attorney is assesed against the petitioning party pursuant to Labor Code section 5410.1.[7] Further, if the employer or carrier files a petition to reopen immediately before the 5-year period elapses the injured worker still has 30 days to file a counterpetition to reopen to increase his award. (Lab. Code, § 5804.) In addition, if the employer or carrier has no evidence to support its petition to reopen the injured worker can simply get the matter set for hearing; or if the employer or carrier tries to delay, the injured worker can seek dismissal for lack of prosecution. (WCAB Rules, § 10582.)

Accordingly, as the injured worker is already amply protected against frivolous employer or carrier petitions to reopen, we decline to endorse the pleading rule dichotomy to the extent suggested by respondents. This is not to say that employers' and carriers' petitions to reopen must necessarily be given as broad a reading as allowed to an injured worker's petition to reopen. (See *Bland, supra*, 3 Cal.3d 324.) In this case, however, Liberty's petition to reopen clearly states it requests a reduction of the permanent disability award based upon a change in such disability. Liberty's petition to reopen is not vague as to the issue presented only as to the underlying specific facts.

The summary denial of the petition to reopen also runs counter to the Board's own rules. The Board here has, in effect, granted a demurrer to Liberty's petition to reopen. Pursuant to WCAB Rules section 10490[8]

---

[7]Labor Code section 5410.1 provides: "Should any party to a proceeding institute proceedings to reduce the amount of permanent disability awarded to an applicant by the appeals board and be unsuccessful in such proceeding, the board may make a finding as to the amount of a reasonable attorney's fee incurred by the applicant in resisting such proceeding to reduce permanent disability benefits previously awarded by the appeals board and assess the same as costs upon the party instituting the proceeding for the reduction of permanent disability benefits."

[8]WCAB Rules section 10490 provides: "No demurrer will be allowed but a continuance will be granted upon timely request upon such terms as may be reasonable under

when a petition or other pleading "is insufficient no demurrer thereto is permitted; if a party is surprised or otherwise disadvantaged by the insufficiency of a pleading, the remedy is to grant that party a reasonable continuance to permit him adequately to prepare to present his case or defense." (*Blanchard, supra,* 53 Cal.App.3d at pp. 594-595; see also, Lab. Code, § 5500.)

The summary denial of the petition to reopen without giving Liberty either prior notice or hearing is not justified under the Board's en banc decision in *Polach* v. *American Smelting & Refinery Co., supra,* 34 Cal.Comp.Cases 511. There, the Board upheld the summary denial of a petition to reopen by the employee after one such petition had already been denied and the new petition to reopen was denied on the grounds the employee failed to allege any new evidence and the employee's alleged "new theory" was merely a restatement of an issue already considered by the Board. The situation here is different. Liberty did specifically allege a decrease in applicant's disability; deficiencies in Liberty's petition could have been remedied by a less drastic approach as by requiring Liberty to make more specific allegations in its petition.

DISPOSITION

The Board's decision summarily denying Liberty's petition to reopen and awarding applicant attorneys fees in accord with Labor Code section 5410.1 is annulled. The matter is remanded to the Board for further proceedings as may be consistent with the court's opinion herein. Of course, nothing herein should be construed as an expression by the court of an opinion on the merits of Liberty's petition to reopen, an issue not before the court.

Ashby, J., and Hastings, J., concurred.

---

the circumstances, or may be ordered by the Appeals Board upon its own motion if: (a) Insufficiency, illegality, or mistake of statement render it impossible for the Appeals Board either to understand or to act upon an application, petition or answer; or (b) Any party is prejudiced by omission or ambiguity of necessary allegations sufficiently to prevent him from adequately presenting his cause of action or defense."