[Civ. No. 24028. Third Dist. Mar. 4, 1985.]

GREGORY RUBIO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Respondents.

---

---

COUNSEL

Beeman & Beeman and Paul L. Beeman for Petitioner.

Mullen & Filippi, Mark A. Fudem, Richard W. Younkin, William B. Donahoe and Alvin R. Barrett for Respondents.

---

OPINION

**CARR, J.**—We granted a petition for writ of review to consider an order of the Workers' Compensation Appeals Board (Board) dismissing petitioner's amended application for additional compensation based on the alleged serious and wilful misconduct of his employer, Pacific Telephone and Telegraph Company. Petitioner contends the Board acted unreasonably and in excess of its powers in dismissing his application as untimely. We agree and shall annul the Board's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 1980, petitioner Gregory Rubio filed an application for adjudication of claim with the Board arising out of an employment-related injury which occurred on April 16, 1980. On the application, petitioner specified as one of the contested issues, "serious and wilful misconduct by employer."[1] (*Ibid.*) However, petitioner did not set forth the specific factual basis of his claim with respect to this issue.

On June 22, 1980, Pacific Telephone's attorney wrote to petitioner's attorney advising he had received "an Application For Adjudication 80 SRO 28715 alleging serious and willful misconduct" and requesting "the nature and circumstances of this allegation so that we can affirm or deny your client's claim." Petitioner's attorney thereafter fully advised Pacific Telephone's attorney of the specific facts of the alleged employer misconduct together with the names of two employee members of Pacific Telephone's

---

[1]Labor Code section 4553 provides the amount of compensation otherwise recoverable shall be increased by one-half where the injury is caused by the serious and wilful misconduct of the employer.

internal safety committee who had cited safety hazards in the area where petitioner was injured.[2]

On February 3, 1983, a prehearing conference was held in which the serious and wilful misconduct issue was bifurcated from the ordinary compensation issues and ordered off calendar for separate adjudication. After hearing on the ordinary compensation issues, the Board, on May 25, 1983, made an award in favor of petitioner.

On August 16, 1983, petitioner filed an amended application setting forth the specific facts upon which the serious and willful misconduct claim was based. Petitioner alleged Pacific Telephone's internal safety inspection committee had noted the dangerous condition which caused petitioner's injury and had urged corrective action for at least two years without results.

On September 20, Pacific Telephone petitioned for dismissal of the amended application as being barred by the statute of limitations in that petitioner did not file a sufficiently detailed application within one year after the injury. (Lab. Code, § 5407; Rules of Practice and Procedure, Cal. Admin. Code, tit. 8, §§ 10440, 10445, subd. (b).)[3] The Board dismissed petitioner's amended application as untimely and, by a two-to-one majority, denied his petition for reconsideration.

### DISCUSSION

It is not disputed that petitioner's original written application for benefits failed to specify the factual basis for the claim of serious and wilful misconduct. It was therefore technically deficient under section 10440 of the Board's Rules of Practice and Procedure. (See fn. 3, *ante.*) The issue confronting us is whether an amended application which sets forth the

---

[2]Pacific Telephone does not deny this fact. In its answers, Pacific Telephone states only that in response to its request for further information it did not receive "a sufficient pleading," or its attorney's file "contains no record" that its request was answered.

[3]Labor Code section 5407 provides: "The period within which may be commenced proceedings for the collection of compensation on the ground of serious and willful misconduct of the employer, under provisions of Section 4553, is as follows: [¶] Twelve months from the date of injury. This period shall not be extended by payment of compensation, agreement therefor, or the filing of application for compensation benefits under other provisions of this division."

Section 10440 of the Rules of Practice and Procedures provides, in relevant part: "All allegations that an injury was caused by the serious and willful misconduct of the employer must be separately pleaded and must set out in sufficient detail the specific basis upon which the charge is founded so that the adverse parties and the Workers' Compensation Appeals Board may be fully advised."

Section 10445, subdivision (b), provides, in part: "Failure to state the basis of a claim of serious and willful misconduct with the particularity herein required, unless specifically waived by the adverse party, may upon motion of a party be grounds for a dismissal."

required detail but is filed more than one year after the injury relates back to the original timely application and preserves the jurisdiction of the Board to hear the matter. We hold that it does.

■ It is well established that " '[l]imitations provisions in the workmen's compensation law must be liberally construed in favor of the employee unless otherwise *compelled* by the language of the statute, and such enactments should not be interpreted in a manner which will result in' a loss of compensation." (*Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 330-331 [90 Cal.Rptr. 431, 475 P.2d 663], italics added; see also, *Blanchard* v. *Workers' Comp. Appeals Bd.* (1975) 53 Cal.App.3d 590, 595 [126 Cal.Rptr. 187]; *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204, 208-209 [69 Cal.Rptr. 516].) Moreover, informality of pleading in proceedings before the Board is recognized and courts have repeatedly rejected pleading technicalities as grounds for depriving the Board of jurisdiction. (See *Liberty Mutual Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 148, 152-153 [167 Cal.Rptr. 57].)

■ No statute or rule compels the result reached by the Board. Petitioner initiated his action by filing an application specifying the issue of serious and willful misconduct by the employer (Rules of Practice and Procedure, Cal. Admin. Code, tit. 8, § 10400). Such action was thereby commenced though the application was irregular with respect to details. (*Ray* v. *Industrial Acc. Com.* (1956) 146 Cal.App.2d 393, 397 [303 P.2d 793].) In workers' compensation proceedings, as in civil proceedings generally, " '[t]he statute of limitations will not bar amendment of an application where the original application was timely and the amendment does not present a different legal theory or set of facts constituting a separate cause of action.' (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 501 [2][e].)" (*Blanchard* v. *Workers' Comp. Appeals Bd.*, *supra*, 53 Cal.App.3d at p. 595.) Petitioner's amended application presented no new legal theory or set of facts constituting a new cause of action. It "merely set forth in detail the facts required by [section 10440] and therefore, being merely in amplification of the original application, it is deemed to have been filed as of the date of the original application." (*Ray* v. *Industrial Acc. Com.*, *supra*, 146 Cal.App.2d at p. 398.)

■ The Board's procedural rules "serve the convenience of the tribunal and the litigant[s] and facilitate the proceedings. They do not deprive the tribunal of the power to dispense with compliance when the purposes of justice require it, particularly when the violation is formal and does not substantially prejudice the other party." (*Beaida* v. *Workmen's Comp. App. Bd.*, *supra*, 263 Cal.App.2d at p. 210; *Blanchard* v. *Workers' Comp. Appeals Bd.*, *supra*, 53 Cal.App.3d at p. 595.) ■ If a party is disadvan-

taged by the insufficiency of a pleading, the remedy is to grant that party a reasonable continuance to permit it to prepare its case or defense. (Rules of Practice and Procedure, Cal. Admin. Code, tit. 8, § 10490; *Blanchard, supra,* at p. 595.) ▮ Necessarily, failure to comply with the rules as to details is not jurisdictional. (*Ray* v. *Industrial Acc. Com., supra,* 146 Cal.App.2d at p. 398.)[4]

▮ Pacific Telephone chose not to avail itself of this remedy. Instead, it requested petitioner to provide specifics of his claim and, according to petitioner's uncontested allegation, he did so. The issue of serious and wilful misconduct was then bifurcated from the other issues for separate adjudication without any motion by Pacific Telephone to dismiss that claim or set it forth in more detail.[5] At no time has petitioner attempted to deceive or surprise Pacific Telephone with his claim. Petitioner's original application is not vague as to the issue presented, only as to underlying facts. These facts were provided informally at Pacific Telephone's request and later set forth in an amended application.

There is no evidence petitioner's failure to comply strictly with the formalisms of the Board's rules prejudiced Pacific Telephone. In the absence thereof, the Board's "hands were not tied by its own procedural rules. There was no lack of power here. In failing to consider exercise of the dispensing power relative to its own procedural rules, the board acted unreasonably, indulging in a strict interpretation of the limitation statutes, an interpretation unfavorable to the injured employee and uncompelled by law." (*Beaida* v. *Workmen's Comp. App. Bd., supra,* 263 Cal.App.2d at p. 210.)[6]

The authorities upon which Pacific Telephone relies are distinguishable. In *Peterson* v. *Industrial Acc. Com.* (1947) 81 Cal.App.2d 352 [183 P.2d 927], the petitioner *did not allege serious and willful misconduct at all* in his original application. He alleged only that the walls of the excavation in

---

[4]The Board's rules also provide failure to set forth the required detail "may . . . be grounds for a dismissal." (See fn. 3, *ante.*) This does not change our conclusion. By the language of the rule dismissal is not mandatory but rather discretionary; hence, failure to comply does not deprive the Board of jurisdiction. (Cf., *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907, 911-912 [72 Cal.Rptr. 561].)

[5]The petition to dismiss Pacific Telephone ultimately filed came too late in the day; by that time, petitioner had filed an adequate amended application which *related back* to the timely original application. (*Ray* v. *Industrial Acc. Com., supra,* at p. 398.)

[6]The Board expressed concern over the need for diligence to ensure the availability of evidence. We do not intend to minimize this legitimate concern. Nonetheless, it does not compel the Board's decision. There is no indication the evidence with respect to petitioner's claim became stale because of the passage of time.

which he was injured were "not properly shored up." Approximately four years later he specifically raised a claim for serious and wilful misconduct. On appeal, he contended it was unnecessary to specifically or separately allege serious and wilful misconduct but it was sufficient to set forth the factual allegations as to the cause of the injury if the issue could be ascertained therefrom. In rejecting petitioner's contention, the court held a claim based on serious and wilful misconduct must be specifically alleged or pleaded within the statutory time period. (At pp. 357-358.)

Of similar effect is *Lambreton* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 498 [297 P.2d 9], in which petitioner's original application alleged only that his employer was *grossly negligent* in causing the injury. After expiration of the time limit, petitioner filed an amended application alleging for the first time serious and wilful misconduct. The court concluded serious and wilful misconduct means something different from gross negligence and the "amended" application set forth an *entirely new and different cause of action* than set forth in the original application. The bar of the statute of limitations applied. (At p. 503.)

In this case, petitioner specifically identified as an issue the serious and willful misconduct of the employer in the original application and the amended application did not set forth a new and different cause of action.

We hold the Board acted unreasonably and in excess of its power in dismissing petitioner's amended application as untimely. Petitioner's claim " 'is entitled to adjudication upon substance rather than upon formality of statement.' [Citation.] Indeed, the common law long ago discarded the primitive rules of rigid pleading; to impart that formalism into the proceedings of workmen's compensation would constitute nothing less than an ironic anachronism." (*Bland* v. *Workmen's Comp. App. Bd.*, *supra*, 3 Cal.3d at p. 334.)

The decision of the Board is annulled and the cause remanded for further proceedings consistent with this opinion.

Puglia, P. J., and Sparks, J., concurred.

A petition for a rehearing was denied March 29, 1985, and the petition of respondent Workers' Compensation Appeals Board for review by the Supreme Court was denied June 5, 1985.